IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| *In re Myriad Genetics, Inc. Securities Litigation* | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 2:19-cv-00707-DBB<br><br>Judge David B. Barlow |

**1. PRELIMINARY MATTERS**:

a. Describe the nature of the claims and affirmative defenses:

*Plaintiff's Response*:

Lead Plaintiff Los Angeles Police and Fire Pensions ("Los Angeles" or "Lead Plaintiff") brings this securities class action on behalf of itself and all other similarly-situated purchasers of the common stock of Myriad Genetics, Inc. ("Myriad" or the "Company") from August 9, 2017 until February 6, 2020, inclusive (the "Class Period"). Lead Plaintiff asserts claims under Sections 10(b), 20(a) and 20A of the Securities Exchange Act of 1934 (the "Exchange Act"), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, against Defendants Myriad, Mark C. Capone (the Company's former Chief Executive Officer), Bryan Riggsbee (the Company's Chief Financial Officer); and Bryan M. Dechairo (the Company's former Executive Vice President of Clinical Development). These claims arise from Defendants' materially false and misleading statements concerning the efficacy of Myriad's GeneSight product and the revenue attributable to its hereditary cancer tests. Specifically, Defendants stated that GeneSight's ADHD and pain relief "panels" were effective and improved clinical outcomes for patients when, in truth, the Company's data failed to show a significant correlation between the genes tested and drug outcomes.

1

Plaintiff further alleges that Defendants made false and misleading statements about the results of the GUIDED Study, a clinical trial designed to evaluate the efficacy of GeneSight's depression panel. Myriad seized on the supposed results of two of the study's 65 exploratory "secondary endpoints" – "response" and "remission" – as well as a number of "post-hoc analyses" that Myriad never prespecified in the GUIDED study protocol. Defendants told investors that these results showed, for example, that patients using GeneSight to select depression medication achieved "highly statistically significant[ly]" greater "response" and "remission" than patients not using the test when, in truth, none of the results Defendants touted were "statistically significant" in favor of GeneSight. Moreover, Defendants stated that Myriad conducted GUIDED "consistent with the FDA's guidance" in order to reassure investors about the study, when, in truth, FDA guidance is unequivocal that the results Myriad touted could not provide valid empirical support for its claims. Defendants also misled investors about the publication of the GUIDED results in a peer-reviewed journal, and fraudulently concealed that the panel of expert peer-reviewers at the prestigious journal to which Myriad had submitted GUIDED had twice rejected the Company's manuscript because it concluded Myriad's claims were unsupported.

Plaintiff also alleges that Myriad inflated its hereditary cancer test revenue in violation of Generally Accepted Accounting Principles ("GAAP") and continued to report inflated revenue despite knowing that Myriad's "revenue accrual rate assumption" was not consistent with actual payor behavior.

Plaintiff alleges that when the truth concerning Defendants' misstatements was revealed through a series of corrective disclosures, Myriad stock declined significantly, injuring Plaintiff and members of the Class.

Plaintiff also asserts "control person" claims under Section 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. § 78t(a)) against Defendants Capone, Riggsbee, and Dechairo, arising from their control over Myriad.

Plaintiff further asserts claims under Section 20A for insider trading against Defendants Capone and Riggsbee. Specifically, Plaintiff asserts that Defendants Capone and Riggsbee sold Myriad stock while in possession of material non-public information concerning GeneSight and the hereditary cancer test, and that Plaintiff and members of the Class purchased Myriad stock contemporaneously with those sales

*Defendant's Response:*

Lead Plaintiff ("Plaintiff") purports to assert a federal securities class action pursuant to Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 against Myriad Genetics, Inc. ("Myriad" or the "Company"), Mark C. Capone, Bryan Riggsbee, and Bryan M. Dechairo as set forth above. Plaintiff's claims are without merit. Plaintiff will not be able to show an actionable material misrepresentation or omission pertaining to the results of the GUIDED Study, which primarily assessed Hamilton Depression Rating Scale 17 (HAMD-17) scores from baseline to eight weeks in patients receiving GeneSight Psychotropic-guided therapy compared to those receiving treatment-as-usual. Plaintiff also will not be able to show an actionable material misrepresentation or omission concerning Myriad's interactions with the U.S. Food and Drug Administration ("FDA"). Likewise, Plaintiff will not be able to show a material misrepresentation or omission concerning the efficacy of GeneSight Analgesic and GeneSight ADHD. Nor will Plaintiff be able to show a materially false or misleading historical statement regarding its hereditary cancer test revenue. Additionally, Plaintiff will not be able to demonstrate scienter with respect to any of its alleged misstatements or omissions, including, but not limited to, those relating to Myriad's hereditary cancer test revenues and the GUIDED Study. Further, while Plaintiff's Complaint relies heavily on a couple confidential witnesses, Defendants intend to depose these individuals, whose depositions will likely question their testimony's reliability. Defendants further posit that Plaintiff will not be able to show a reasonable investor would have relied on the alleged misstatements and omissions made. Nor will Plaintiff be able to demonstrate loss causation. For the avoidance of any doubt, any and all actions taken by

Defendants were lawful, proper, and consistent with their duties and obligations, and Defendants did not otherwise have any obligation or duty to take any other action or make any other disclosure.

Unable to prove a predicate Section 10(b) claim, Plaintiff's other federal securities claims also fail. Defendants continue to maintain that Messrs. Capone and Riggsbee's stock sales were made pursuant to pre-established Rule 10b5-1 plans and that any/all sales were made without the possession of any material, nonpublic information.

As set forth in Defendants' Answer to the Amended Complaint, Defendants maintain the following affirmative defenses: (1) the Complaint fails to state a claim upon which relief may be granted; (2) Plaintiff's claims are barred, in whole or in part, by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995; and (3) Defendants acted in good faith at all times. Defendants present the above summary without waiving the opportunity to present additional defenses at a later time.

b.  This case is referred to magistrate Judge Dustin B. Pead under 636(b)(1)(A).

c.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **March 26, 2021**

The following attended:

> Adam Wierzbowski, Abe Alexander, Matthew Traylor, and Nicholas Gersh, counsel for Lead Plaintiff Los Angeles Fire and Police Pensions; and
>
> John Sylvia, Ellen Shapiro, Jason Burrell, and Erik Christiansen, counsel for Defendants Myriad, Mark C. Capone, Bryan Riggsbee, and Bryan M. Dechairo.

In addition, on April 15, 2021, a follow-up meeting was held. The following counsel attended:

> Adam Wierzbowski, Abe Alexander, Matthew Traylor, Nicholas Gersh, and Andrew Deiss, counsel for Lead Plaintiff Los Angeles Fire and Police Pensions; and

4

      John Sylvia, Ellen Shapiro, Jason Burrell, and Erik Christiansen, counsel for Defendants Myriad, Mark C. Capone, Bryan Riggsbee, and Bryan M. Dechairo.

  d. The parties exchanged the initial disclosures required by Rule 26(a)(1) on **May 7, 2021**.

  e. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

2. **DISCOVERY PLAN**: The parties jointly propose to the Court the following discovery plan:

  a. Discovery is necessary on the following subjects:

*Plaintiff's Response*:

After consideration of the proportionality factors set forth in Federal Rule of Civil Procedure 26(b)(1), Lead Plaintiff anticipates needing discovery on the following subjects, without limitation:

- The materiality of GeneSight to Myriad's business during the Class Period;
- The materiality of Myriad's hereditary cancer tests to the Company's business during the Class Period;
- GeneSight's ADHD and analgesic panels, including data available to Defendants concerning the efficacy and/or safety of these panels, their analyses of such data, and proposals to conduct further testing or analysis concerning the efficacy and/or safety of those panels;
- The protocols developed to govern the conduct of the GUIDED Study and any modifications or amendments thereto;
- FDA guidance to which Myriad purported to adhere in conducting the GUIDED Study;
- Myriad's analyses of the GUIDED data, including analyses of the GUIDED data proposed after the unblinding of any study results or patient data;

5

- Myriad's efforts to publish the results of the GUIDED Study, including Myriad's efforts to publish those results in the *American Journal of Psychiatry* and any response or feedback received from the journal and its peer-reviewers;

- Myriad's statements about the publication of the GUIDED Study in a peer-reviewed medical journal;

- The FDA's October 2018 Safety Warning concerning pharmacogenomic testing;

- Communications between the FDA and Myriad concerning GeneSight, including the safety and efficacy of GeneSight, and actions taken by Myriad in response to those communications;

- Defendants' decision to publicly announce United Healthcare coverage of GeneSight, including the timing of that announcement in August 2019;

- Myriad's implementation of billing codes for its hereditary cancer tests, including its communications with payors concerning such billing codes and payor responses to code changes (including denials or short-payments of claims);

- Myriad's accounting for hereditary cancer revenue;

- Defendant Capone's and Defendant Riggsbee's sales of Myriad securities, including sales of such securities in August 2019;

- Investigations by any governmental authority concerning the facts described in Lead Plaintiff's Complaint;

- Defendant Myriad's public statements during the Class Period, including those made in SEC filings and press releases, on earnings calls, and at investor conferences;

- Whether Defendants made or disseminated false or misleading statements;

- Whether Defendants acted knowingly or recklessly;

- Whether Defendants were controlling persons of Defendant Myriad; and

- Whether Defendants Capone and Riggsbee sold Myriad securities while in possession of material nonpublic information.

Lead Plaintiff reserves the right to seek discovery on any additional topics it deems necessary to prosecute its claims. Additionally, Lead Plaintiff reserves all objections to any discovery that Defendants may ultimately serve with respect to the topics listed below.

*Defendants' Response*

Defendants believe that Plaintiff's articulated scope of anticipated discovery is overbroad, unduly burdensome, and not proportional to the needs of the case in light of the allegations in the Plaintiff's Amended Class Action Complaint. The Parties agree to meet-and-confer concerning the scope of document discovery, consistent with Parties' forthcoming stipulation governing electronically stored information.

Consistent with the scope of permissible discovery under Federal Rule of Civil Procedure 26(b), Defendants seek discovery on the following subjects, without limitation:

- The scope of each and every class and subclass, if any, that Plaintiff seeks to have certified pursuant to Federal Rule of Civil Procedure 23 ("Rule 23");
- Current, former, or potential conflicts of interest between or among Plaintiff and any member of each class or subclass that Plaintiff seeks to have certified pursuant to Rule 23;
- Plaintiff's holdings in Myriad securities and decision to purchase Myriad securities;
- The identity of and information provided by the former employees referenced, quoted, or relied upon in the Complaint; and
- The bases of Plaintiff's claims.

    b.    Discovery Phases: None
    c.    Designate the discovery methods to be used and the limitations to be imposed.
        (1)    Oral Exam Depositions (excluding experts):

7

    Plaintiff(s): 20

    Defendant(s): 20

    Maximum number of hours per deposition: 7 per side (unless otherwise agreed by the parties or ordered by the Court)

  (2) Interrogatories: 25 (including contention interrogatories)

    Admissions: 50

    Requests for production of documents: 4 sets

  (3) Other discovery methods: None.

 d. Discovery of electronically stored information should be handled as follows:

  The Parties are in the process of negotiating, and will present to the Court, a stipulated protocol for the production of electronically stored information that will govern document production and discovery in this case. The Parties agree to present a proposed ESI Protocol to the Court by June 21, 2021, which will reflect any disagreement between the Parties concerning any provision thereof.

 e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows:

  The Parties are also in the process of negotiating, and will present to the Court, a stipulated protective order that will govern document production and discovery in this case. The Parties will present a proposed Protective Order to the Court by June 21, 2021, which will reflect any disagreement between the Parties concerning any provision thereof.

## 3. CASE PLAN AND SCHEDULE

| Event | Proposed Deadline |
|---|---|
| 26(f)/Attorney Planning Conference | March 26, 2021 |
| Parties to Exchange Initial Disclosures Pursuant to Rule 26(a) | May 7, 2021 |
| Plaintiff to move for class certification | June 7, 2021 |

| | |
|---|---|
| Substantial Completion of Rolling Document Production | December 22, 2021 |
| Plaintiff to Substantially Complete Document Production to Defendants in Connection with Class Certification | 30 days after filing of Plaintiff's motion for class certification, provided that Defendants serve their requests for such documents no later than May 14, 2021 |
| Defendants to file any opposition to class certification | 60 days after filing of Plaintiff's motion for class certification |
| Deadline to Join Additional Parties and Amend Pleadings | December 17, 2021 |
| Deadline to serve written fact discovery (except deposition notices, contention interrogatories, and requests for admission) | February 4, 2022 |
| Plaintiff file reply in further support of class certification | 60 days after filing of Defendants' opposition to Plaintiff's motion for class certification |
| Deadline to complete fact discovery | May 12, 2022 |
| Deadline for serving opening expert reports party bearing the burden of proof | May 13, 2022 |
| Deadline for serving rebuttal expert reports | July 12, 2022 |
| Deadline for serving reply expert reports | August 11, 2022 |
| Expert Discovery Cutoff | September 26, 2022 |
| Deadline to file summary judgment/dispositive motions | October 17, 2022 |
| Summary judgment oppositions | 60 days after receiving summary judgment or other dispositive motion papers |
| Summary judgment replies | 60 days after receiving summary judgment opposition papers |
| Deadline to file pre-trial order | 90 days after Court's ruling on summary judgment motions |
| Rule 26(a)(3) Disclosures | TBD |
| Objections to Rule 26(a)(3) Disclosures | TBD |
| Deadline to file motions *in limine*/*Daubert* motions | TBD |
| Deadline to file responses to motions *in limine*/*Daubert* motions | TBD |
| Deadline to submit joint jury instructions, *voir dire*, verdict forms, and trial briefs | TBD |
| Special Attorney Conference | TBD |
| Settlement Conference | TBD |
| Pretrial Conference | To be set by Court |

| Trial | To be set by Court |
|---|---|
| Complete private mediation | TBD |

**6.     ADR/SETTLEMENT**:

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

a.  The potential for resolution before trial is: ___ good   _x_ fair   ____ poor

- *Parties' Response*: No settlement demand or offer has been made at this time.  Because discovery has not yet begun, this action is not yet appropriate for mediation.  The parties will meet and confer on this issue as discovery proceeds and determine whether the retention of a private mediator would be beneficial.

b.  The parties intend to file a motion to participate in the Court's alternative dispute resolution program for:     settlement conference (with magistrate judge): _____ arbitration: _____     mediation: _____

c.  The parties intend to engage in private alternative dispute resolution for: arbitration: _____   mediation: ___x___

- *Parties' Response*: No settlement demand or offer has been made at this time.  Because discovery has not yet begun, this action is not yet appropriate for mediation.  The parties will meet and confer on this issue as discovery proceeds and determine whether the retention of a private mediator would be beneficial.

d.  The parties will re-evaluate the case for settlement/ADR resolution on:

- *Parties' Response*: No settlement demand or offer has been made at this time.  Because discovery has not yet begun, this action is not yet appropriate for mediation.  The parties will meet and confer on this issue as discovery proceeds and determine whether the retention of a private mediator would be beneficial.

**7.     TRIAL AND PREPARATION FOR TRIAL:**

b.     This case should be ready for trial by:  TBD by the Court (as above)

*Specify type of trial*:   Jury  X    Bench

c.     The estimated length of the trial is:  The parties are not currently in a position to estimate the length of trial at this stage of the litigation.  The parties will meet and confer on this issue as discovery proceeds and will seek the Court's assistance in resolving any dispute.

__/s/ Abe Alexander_____                    Date: 06/18/2021
Signature and typed name of Plaintiff(s) Attorney

__/s/ *John F. Sylvia*_____                    Date: 06/18/2021
Signature and typed name of Defendant(s) Attorney

## NOTICE TO COUNSEL

Instructions to file the Attorney Planning Meeting Report can be found on the court's Civil Scheduling webpage.

11