Erik A. Christiansen (Bar No. 7372)
Alan S. Mouritsen (Bar No. 13558)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
PO BOX 45898
Salt Lake City, Utah 84145-0898
Tel:  (801) 536-6927
Email: ecf@parsonsbehle.com
        echristiansen@parsonsbehle.com

John F. Sylvia, Esq.
Matthew D. Levitt, Esq.
Geoffrey A. Friedman, Esq.
**MINTZ LEVIN COHN FERRIS
  GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
Tel:  (617) 542-6000
Fax:  (617) 542-2241
Email: JFSylvia@mintz.com
        MDLevitt@mintz.com
        GAFriedman@mintz.com

Ellen Shapiro, Esq.
**MINTZ LEVIN COHN FERRIS
  GLOVSKY AND POPEO, P.C.**
Chrysler Center
666 Third Avenue
New York, NY 10017
Tel:  (212) 935-3000
Fax:  (212) 983-3115
Email: EShapiro@mintz.com

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| *In re Myriad Genetics, Inc. Securities Litigation* | **MYRIAD GENETICS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FORMER MYRIAD EMPLOYEE PAUL PARKINSON TO COMPLY WITH LEAD PLAINTIFF'S DOCUMENT SUBPOENA**<br><br>**REDACTED VERSION**<br><br>**Case No. 2:19-cv-00707-DBB**<br><br>Honorable David B. Barlow<br>Magistrate Judge Dustin B. Pead |

The confidentiality of communications between Myriad's counsel and its former employees is essential to Defendants' ability to defend themselves against Plaintiff's allegations. Because Myriad no longer employs certain individuals with critical knowledge of relevant facts in this case, defense counsel must seek information from those employees to represent Defendants effectively. Plaintiff's motion to compel strives to undermine Myriad's ability to receive full and frank information from former employees, and seeks communications protected from disclosure by the attorney-client privilege, attorney work-product doctrine, and common-interest privilege.[1] Plaintiff's motion also advances an argument inconsistent with its position that its counsel are entitled to lead former-employee deponents because they are aligned with Myriad. Plaintiff's motion should be denied.

Plaintiff asserts—without citation or analysis—that none of the communications between Myriad and its former employee are privileged. Plaintiff is wrong. Most federal courts, including this one, extend the attorney-client privilege to communications with former employees that concern information the former employees learned during their employment. *See Gary Friedrich Enters., LLC v. Marvel Enters.*, 2011 WL 2020586, *5 (S.D.N.Y. May 20, 2011) (collecting cases); *see, e.g., Misner v. Potter*, 2008 WL 11380016, *2 (D.Utah June 18, 2008); *Conroy v. Schafer*, 2008 U.S. Dist. LEXIS 146188, *2 (D.Utah April 9, 2008). Myriad cannot develop its defense without communicating with former employees about what they learned while employed. A blanket ruling that none of these communications are privileged would hinder Myriad's defense, unfairly advantage Plaintiff for having brought this litigation after several key employees left, and undermine the purposes of the privilege by discouraging Myriad's counsel from developing the

---

[1] Myriad submits this response to claim attorney-client privilege and work-product protection; Myriad joins former employee Paul Parkinson's argument that the common-interest privilege also applies and precludes disclosure.

facts fully. *See Cool v. BorgWarner Diversified Transmission Prod., Inc.*, 2003 WL 23009017, *2 (S.D.Ind. Oct. 29, 2003).

Communications between Myriad's counsel and former employees are also protected from disclosure by the work-product doctrine. *See Gary Friedrich Enters.*, *supra* at *6; *see also Collardey v. All. For Sustainable Energy, LLC*, 406 F. Supp. 3d 977, 981-2 (D.Colo. 2019). Here, Myriad's counsel has communicated with former employees for the purpose of this litigation, to gather information to develop its defense and to provide its former employees collections of documents to enable them to prepare for depositions. By their nature, these communications and compilations convey counsel's strategy and theory of the case, and are protected work product, regardless of whether they are also protected by the attorney-client privilege.

Finally, at the first deposition of a former employee, Plaintiff's counsel asserted he could ask leading questions (and defense counsel could not) because former employees are aligned with Myriad and therefore "adverse" to Plaintiff. Ex.A at 30-31, 301-302.[2] Plaintiff now contradicts itself, asserting former employees have no common interest with Myriad. The Court should not allow Plaintiff to claim adversity (or not) whenever it suits Plaintiff.

For these reasons, Plaintiff's motion to compel should be denied.

Dated: August 22, 2022

> **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
>
> By:  *John F. Sylvia*
> John F. Sylvia, Esq.
> Matthew D. Levitt, Esq.
> Geoffrey A. Friedman, Esq.
> One Financial Center

---

[2] Exhibits attached to Declaration of John F. Sylvia.

3

Boston, MA 02111
Tel:  (617) 542-6000
Fax: (617) 542-2241
Email: JFSylvia@mintz.com
        MDLevitt@mintz.com
        GAFriedman@mintz.com

Ellen Shapiro, Esq.
Chrysler Center
666 Third Avenue
New York, NY 10017
Tel:  (212) 935-3000
Fax: (212) 983-3115
Email: EShapiro@mintz.com

Erik A. Christiansen
Alan S. Mouritsen
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
PO BOX 45898
Salt Lake City, Utah 84145-0898
Tel:  (801) 536-6927
Email: ecf@parsonsbehle.com
echristiansen@parsonsbehle.com

*Counsel for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2022, I caused to be served a true and correct copy of the foregoing **MYRIAD GENETICS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FORMER MYRIAD EMPLOYEE PAUL PARKINSON TO COMPLY WITH LEAD PLAINTIFF'S DOCUMENT SUBPOENA** with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all attorneys on record.

*/s/ John F. Sylvia*