# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| **IN RE MYRIAD GENETICS, INC. SECURITIES LITIGATION** | **RULING & ORDER**<br><br>Case No. 2:19-cv-00707<br><br>**United States District Court Judge David Barlow**<br><br>**Magistrate Judge Dustin B. Pead** |

Lead Plaintiff Los Angeles Fire and Police Pensions (Plaintiff) moves to compel[1] third-party witness and former Myriad employee, Paul Parkinson (Mr. Parkinson), to comply with Plaintiff's July 12, 2022, subpoena.[2] Specifically, Plaintiff's subpoena seeks production of :

> [a]ll communications [from September 1, 2018 to the present] between you, including your counsel, and Myriad including Myriad's counsel. To be clear, this request includes any communications between your counsel and Myriad's counsel.[3]

Mr. Parkinson objects to the production request and asserts the common interest, attorney-client and attorney work product privileges.[4]

"The burden of establishing the applicability of privilege rests on the party seeking to assert it."[5] "The party must bear the burden as to specific questions or documents, not by making

---

[1] ECF No. 148 (sealed), Plaintiff's Motion to Compel Former Myriad Employee Paul Parkinson To Comply With Lead Plaintiff's Document Subpoena. Plaintiff Motion to Compel is filed pursuant to the local short-form discovery procedure rules. See, DUCivR 37-1.

[2] ECF No. 146-2 at 7, Subpoena Request For Production, Document Request No. 1.

[3] *Id.*

[4] ECF No. 146-3, Non Party Paul "Chip" Parking's Objections To Plaintiff's Subpoena For Production of Documents"; ECF No. 156, "Myriad Genetics Opposition To Plaintiff's Motion to Compel Former Myriad Employee Paul Parkinson To Comply With Lead Plaintiff's Document Subpoena."

[5] *In re Grand Jury Subpoena,* 697 F.2d 277, 279 (10th Cir. 1983).

1

a blanket claim."[6] Further Federal Rule 45(e)(2)(A) provides that a person withholding information based on a claim of privilege or work product must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privilege or protected, will enable the parties to assess the claim."[7]

Here, it does not appear that Mr. Parkinson has submitted a Privilege Log describing the nature of the information withheld. Rather, both sides identify the privileges asserted and make broad, non-specific arguments about their applicability.[8] Absent more specific information, the Court is unable to make an informed ruling.

As a result it is **HEREBY ORDERED**

Plaintiff's Motion to Compel is denied without prejudice.[9]

Within ten (10) days from the date of this Order, Mr. Parkinson shall submit to Plaintiff a detailed Privilege Log of all information, documents, objects etc. that he alleges are protected by privilege. The Privilege Log should at a minimum include the date of the documents' creation, the author, the addressee and all recipients and a description of the document including

---

[6] *In re Foster,* 188 F.3d 1259, 1264 (10th Cir. 1999).

[7] Fed. R. Civ. P. 45(e)(2)(A); *see also* ECF No. 146-2 at 5-6 (stating "If You redact information or otherwise withhold information or Documents . . . responsive to these Document requests based upon any claim of privilege (including work product), or for any other reason, provide a log that includes all necessary information to evaluate a claim of privilege . . . .").

[8] The court recognizes the short-form discovery format provides page limitations that restrict the amount of information that can be provided.

[9] ECF No. 146.

information as to the factual basis for the specific privilege asserted.[10] Moreover, the "particular privilege relied upon for each document must be specified."[11]

Following production of the Privilege Log, the parties are **ORDERED** to meet and confer regarding the documents and information at issue in the subpoena. If the parties are unable to resolve their differences, Plaintiff may renew its Motion to Compel.[12] Any renewed Motion is <u>not</u> subject to this District's short-form discovery rule and should contain full briefing from both parties with detailed argument on the privilege asserted as well as the application (or non-application) of the privilege to the documents identified in the Privilege Log. If appropriate, the Court may order an *in camera* review.

**IT IS SO ORDERED.**

DATED this 24th day of August 2022.

BY THE COURT:

_____
Dustin B. Pead
U.S. District Magistrate Judge

---

[10] *See United States v. Badger,* 2013 U.S. Dist. LEXIS 108178, at *8-9 (D. Utah July 30, 2013) (citing *Zander v. Craig Hosp.,* 743 F. Supp. 2d 1225, 1231-32 (D. Colo. 2010)).

[11] *Id.*

[12] Any renewed Motion to Compel should contain a certification indicating that after receipt of Mr. Parkinson's Privilege Log that the parties made reasonable efforts to reach an agreement on the disputed matters and identifying those efforts.