# Exhibit 1

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| IN RE MYRIAD GENETICS, INC. SECURITIES LITIGATION | Case No. 2:19-cv-00707-JNP-DBP |
| | District Judge Jill N. Parrish |

### STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of August 3, 2023 (the "Stipulation") is entered into between: (a) Lead Plaintiff Los Angeles Fire and Police Pensions ("Lead Plaintiff" or "Los Angeles"), on behalf of itself and the Court-certified Class (defined below); and (b) Defendants Myriad Genetics, Inc. ("Myriad" or the "Company"), Mark C. Capone, Bryan Dechairo, and R. Bryan Riggsbee (collectively, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiff's Claims (defined below) against Defendants.

WHEREAS:

A.    Beginning on September 27, 2019, a class action complaint was filed in the United States District Court for the District of Utah (the "Court"), styled *Silverman v. Myriad Genetics, Inc.*, *et al.*, Case No. 2:19-cv-00707-PMW, alleging violations of the federal securities laws. ECF No. 2.

B.    By Order dated December 23, 2019, the Court (the Honorable Robert J. Shelby) ordered that the case be captioned *In re Myriad Genetics, Inc. Securities Litigation*, Master File

---

[1]   All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

No. 2:19-cv-00707-PMW (the "Action"); appointed Los Angeles Fire and Police Pensions as Lead Plaintiff in the Action; approved Los Angeles's selection of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") as Lead Counsel for the putative class; and consolidated for all purposes any subsequently filed, removed, or transferred actions related to the claims asserted in the Action.  ECF No. 21.

C.      On January 10, 2020, the Action was reassigned from Judge Shelby to the Honorable David B. Barlow.  ECF No. 24.

D.      On February 21, 2020, Lead Plaintiff filed the Amended Class Action Complaint (the "Complaint") alleging violations of Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act"), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder.  ECF No. 34.  Among other things, the Complaint alleges that Defendants made false and misleading statements and omissions to investors about certain of Myriad's key products, which caused the price of Myriad common stock to be artificially inflated during the Class Period and caused damages to investors when they ultimately learned the truth about Defendants' alleged prior misrepresentations.

E.      On May 5, 2020, Defendants filed a motion to dismiss the Complaint (the "Motion to Dismiss").  ECF No. 51.  On July 3, 2020, Lead Plaintiff filed its memorandum of law in opposition to Defendants' Motion to Dismiss (ECF No. 57) and a motion to strike certain exhibits from the Motion to Dismiss and request for judicial notice (ECF No. 59) ("Motion to Strike").  On August 3, 2020, Defendants served their reply memorandum of law in further support of the Motion to Dismiss (ECF No. 67) and their opposition to Lead Plaintiff's Motion to Strike (ECF No. 68).  On August 17, 2020, Lead Plaintiff filed its reply memorandum of law in further support of the Motion to Strike.  ECF No. 70.

F.      On March 16, 2021, the Court entered its Memorandum Decision and Order denying Defendants' Motion to Dismiss and granting in part and denying in part Lead Plaintiff's Motion to Strike.  ECF No. 73.

G.      On May 17, 2021, Defendants filed their Answer to the Complaint.  ECF No. 79.

H.      Discovery in the Action commenced on March 16, 2021. Pursuant to detailed document requests and substantial negotiations, Defendants and third parties produced nearly half a million documents, totaling more than 1.7 million pages, to Lead Plaintiff.  Lead Plaintiff produced thousands of pages worth of documents to Defendants.  Lead Plaintiff also served subpoenas on and negotiated document discovery with 36 third parties, including the United States Food and Drug Administration.  In addition, Lead Plaintiff deposed 22 fact witnesses, including Defendants Capone, Dechairo, and Riggsbee, other senior Company executives and scientists, and significant third-party witnesses.  In addition, Lead Plaintiff's representative appeared for a full-day deposition noticed by Defendants.  The Parties also served and responded to interrogatories and requests for admission and exchanged numerous letters, including disputes between the Parties and with nonparties, concerning discovery issues.  While the Parties were able to resolve many of those disputes, several were raised to the Court, and in certain instances the Court conducted hearings on those disputes.

I.      On June 7, 2021, while discovery was ongoing, Lead Plaintiff filed its motion for class certification (the "Class Certification Motion").  ECF No. 82.  On August 6, 2021, Defendants filed their opposition to Lead Plaintiff's Class Certification Motion (ECF No. 96), and on October 5, 2021, Lead Plaintiff filed its reply memorandum of law in further support of the Class Certification Motion (ECF No. 106).

J.      On December 13, 2021, the Court entered its Memorandum Decision and Order granting Lead Plaintiff's Class Certification Motion (the "Class Certification Order"). ECF No. 123. The Class Certification Order certified the Class as defined under ¶ 1(l) below; appointed Los Angeles as Class Representative; and appointed BLB&G as Class Counsel in the Action. The Class Certification Order also directed the Parties to meet and confer regarding the form and manner of notice to the Class and submit their proposal for notice to the Class for Court approval within 60 days.

K.      Pursuant to the Class Certification Order, Lead Plaintiff negotiated with Defendants the form and manner of notice to potential Class Members to apprise them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements and deadline for requesting exclusion (the "Class Notice"). The Parties reached agreement on the terms of the Class Notice, and on February 11, 2022, Lead Plaintiff filed an unopposed motion for Court approval of the Parties' agreed form and manner of providing notice to the Class. ECF No. 130.

L.      On February 14, 2022, the Court entered an Order granting Lead Plaintiff's unopposed motion to approve the Class Notice (the "Class Notice Order"). ECF No. 131.

M.      Pursuant to the Class Notice Order, the Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the deadline and procedures for doing so. The Class Notice informed Class Members that they may not have the further opportunity to exclude themselves from the Class at the time of any settlement or judgment, or in other words, the Class Notice may be the Class Members' "only chance to opt out of the lawsuit." The Class Notice also informed Class Members that if they chose to stay in the

lawsuit as a member of the Class, they would "be bound by any settlement or judgment in this Action," including "any unfavorable judgment which may be rendered in favor of Defendants."

N.     The deadline for requesting exclusion from the Class pursuant to the Class Notice was May 16, 2022.  Attached hereto as Appendix 1 is a list of the persons and entities who requested exclusion pursuant to the Class Notice.

O.     On October 21, 2022, the Action was reassigned from Judge Barlow to the Honorable Jill N. Parrish.  ECF Nos. 205-06.

P.     Pursuant to the Court-ordered schedule, the Parties were due to exchange opening expert reports on June 15, 2023.  Lead Plaintiff obtained, and was prepared to serve, reports authored by five prominent experts in the fields of psychiatry, pharmacogenomics, statistics, financial economics, and accounting.  Defendants also engaged several experts and were prepared to serve an opening report.

Q.     In February 2023, the Parties agreed to engage in private mediation in an attempt to resolve the Action and retained former United States District Court Judge Layn R. Phillips and Michelle Yoshida to act as mediators (the "Mediators").  On May 1, 2023, Lead Counsel and Defendants' Counsel participated in a full-day mediation session before the Mediators.  In advance of that session, the Parties submitted detailed opening and reply mediation statements to the Mediators, together with numerous supporting exhibits, which addressed both liability and damages issues.  The session ended without any agreement being reached.  The Parties continued discussions with the Mediators following the session exploring the possibility of a settlement.

R.     After additional negotiations, the Mediators issued a joint mediators' recommendation to settle the Action, which both Parties accepted on a "double blind" basis on June 19, 2023.  The Parties thereafter negotiated a term sheet to memorialize their agreement-in-

principle to settle the Action, which was executed by the Parties on July 3, 2023 (the "Term Sheet"). The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims against Defendants in the Action in return for $77,500,000 in total settlement value—with at least $20,000,000 paid in cash and the remainder paid in either additional cash or shares of freely-tradeable Myriad common stock—subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

S.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

T.      Based upon their investigation, prosecution, and mediation of the case, and the discovery conducted in the Action, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Class, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of its counsel, Lead Plaintiff has agreed to settle and release the Released Plaintiff's Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

U.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. As set forth in ¶ 43 below, each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any

infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff's Claims as against the Defendants' Releasees (defined below) and all Released Defendants' Claims (defined below) as against the Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a) "Action" means the consolidated securities class action in the matter styled *In re Myriad Genetics, Inc. Securities Litigation*, Case No. 2:19-cv-00707-JNP-DBP, and includes all actions consolidated therein.

(b) "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)     "Authorized Claimant" means a Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)     "Cash Settlement Amount" means the $20,000,000 cash consideration that Myriad shall pay in accordance with ¶ 8(a) of this Stipulation and any additional cash consideration that Myriad shall pay in accordance with ¶¶ 8(c), 8(e), 9(d), and/or 9(s) of this Stipulation.

(e)     "Cash Settlement Fund" means the Cash Settlement Amount plus any and all interest earned thereon.

(f)     "CIC" means an acquisition of Myriad by way of merger or through the acquisition of all of the outstanding shares of Myriad common stock (including by tender offer) or any other corporate transaction in which all of the outstanding shares of Myriad common stock are extinguished.

(g)     "CIC Transaction" means a transaction or transactions effecting a CIC.

(h)     "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(i)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(j)     "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(k)     "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(l)     "Class" means the class certified by the Court's Order dated December 13, 2021 (ECF No. 123). Specifically, the Class consists of all persons who purchased or acquired Myriad common stock from August 9, 2017 until February 6, 2020, inclusive (the "Class Period"), and were damaged thereby.  Excluded from the Class by definition are: (i) Defendants; (ii) any current or former officers or directors of Myriad; (iii) the immediate family members of any Defendant or any current or former officer or director of Myriad; and (iv) any entity that any Defendant owns or controls or owned or controlled during the Class Period.  Also excluded from the Classes are (i) the persons and entities listed in Appendix 1 to this Stipulation who requested exclusion from the Classes in connection with the Class Notice; and (ii) if, and only if, the Court requires an additional opportunity for Class Members to request exclusion from the Class, any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Settlement Notice.

(m)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(n)     "Class Member" means each person and entity who or which is a member of the Class.

(o)     "Class Period" means the period from August 9, 2017 until February 6, 2020, inclusive.

(p)     "Class Settlement Shares" means the Settlement Shares, less any Settlement Shares awarded to Plaintiff's Counsel for attorneys' fees.

(q)     "Complaint" means the Amended Class Action Complaint filed in the Action on February 21, 2020.

(r)     "Court" means the United States District Court for the District of Utah.

(s)     "Defendants" means Myriad and the Individual Defendants.

(t)     "Defendants' Counsel" means Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.; Skadden, Arps, Slate, Meagher, and Flom LLP; Parsons Behle & Latimer; O'Melveny & Myers LLP; Greenberg Traurig, LLP; and Wilmer Cutler Pickering Hale and Dorr LLP.

(u)     "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their immediate family, marital communities, or any trusts for which any of them are trustees, settlers, or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively.

(v)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 38 of this Stipulation have been met and have occurred or have been waived.

(w)     "Escrow Account" means an interest-bearing escrow account maintained at Citibank, N.A., in which the Cash Settlement Amount, plus the net cash proceeds from the sale of

any Class Settlement Shares, will be deposited and maintained and held in escrow under the control of Lead Counsel.

(x)     "Escrow Agent" means Citibank, N.A.

(y)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(z)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' Claims, shall not in any way delay or preclude a judgment from becoming Final.

(aa)     "Individual Defendants" means Mark C. Capone, Bryan Dechairo, and R. Bryan Riggsbee.

(bb)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(cc)   "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(dd)   "Lead Plaintiff" means Los Angeles Fire and Police Pensions.

(ee)   "Liaison Counsel" means Deiss Law PC.

(ff)   "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to its representation of the Class), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(gg)   "Myriad" or the "Company" means Myriad Genetics, Inc.

(hh)   "Net Settlement Fund" means the Settlement Fund (including, if applicable, the net cash proceeds from the sale of any Class Settlement Shares deposited into the Escrow Account in accordance with ¶ 9(h) below, as well as accrued interest thereon) less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.  Attorneys' fees will be paid as a percentage of the Cash Settlement Fund and a percentage of Settlement Shares.  If the Settlement Shares are sold by Lead Counsel prior to distribution to the Class, attorneys' fees paid to Plaintiff's Counsel from the Settlement Shares will be paid as a percentage of the cash obtained after the cost of liquidating the Settlement Shares.  No Defendant or any other Defendants' Releasee shall have any involvement with or liability, obligation, or responsibility whatsoever for the manner and method to which attorneys' fees are awarded out of the Settlement Fund.

(ii)   "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing

notices to the Class (including, but not limited to, the costs associated with the Class Notice and the Settlement Notice); and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(jj)   "Parties" means Defendants and Lead Plaintiff, on behalf of itself and the Class.

(kk)   "Plaintiff's Counsel" means Lead Counsel and Liaison Counsel.

(ll)   "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, all other Class Members, and Plaintiff's Counsel, and their respective current and former parents, affiliates, subsidiaries, controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their immediate family, marital communities, or any trusts for which any of them are trustees, settlers or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively.

(mm)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Settlement Notice.

(nn)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(oo)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(pp)   "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

(qq)   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.   Released Defendants' Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) claims against the persons and entities who submitted a request for exclusion from the Class in connection with the Class Notice (as set forth in Appendix 1 hereto); or (iii) if, and only if, the Court requires an additional opportunity for Class Members to request exclusion from the Class with respect to the Settlement, claims against any persons or entities who submit a request for exclusion from the Class in connection with the Settlement Notice ("Excluded Defendants' Claims").

(rr)   "Released Plaintiff's Claims" means, to the fullest extent that the law permits their release, of and from all claims, suits, actions, appeals, causes of action, allegations, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses fees, injunctive relief, attorneys' fees, expert or consulting fees,

prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by Plaintiff or all Class Members, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common or foreign law, including known claims and Unknown Claims, that are based upon, arise from, or relate to (a) the purchase, acquisition, or trading of any Myriad common stock during the Class Period; and (b) the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint or any other complaints filed in this Action.  Released Plaintiff's Claims do not cover, include, or release: (i) claims asserted in any ERISA or derivative action, including without limitation the claims asserted in *In re Myriad Genetics, Inc. Stockholder Derivative Litigation*, C.A. No. 2021-0686-SG (Del. Ch.) and *Marcey v. Capone*, 2021-cv-01320 (D. Del.), or any cases consolidated into those actions; (ii) claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged in the Action; (iii) claims relating to the enforcement of the Settlement; (iv) claims of the persons and entities who submitted a request for exclusion from the Class in connection with the Class Notice (as set forth in Appendix 1 hereto); or (v) if, and only if, the Court requires an additional opportunity for Class Members to request exclusion from the Class with respect to the Settlement, claims of any persons or entities who submit a request for exclusion from the Class in connection with the Settlement Notice ("Excluded Plaintiff's Claims").

(ss)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

(tt)    "Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

(uu)    "Securities Brokerage Account" means the securities brokerage account that Lead Counsel will designate as the recipient of the Settlement Shares.

(vv)    "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(ww)    "Settlement Amount" means a total consideration equal to $77,500,000, comprised of at least $20,000,000 paid in cash and the remainder paid in either additional cash or Settlement Shares (or the cash value of any such Settlement Shares paid in cash in lieu of shares in accordance with ¶¶ 8(c), 8(e), 9(d), and/or 9(s) of this Stipulation).

(xx)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(yy)    "Settlement Fund" means the Cash Settlement Fund plus the Settlement Shares.

(zz)    "Settlement Notice" means the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Class Members.

(aaa)    "Settlement Shares" means the number of shares of freely-tradeable Myriad common stock to be issued by Myriad in accordance with ¶ 8(d) of this Stipulation; *provided, however;* it being understood that if any of the Settlement Shares are beneficially owned by an affiliate (as defined in Rule 144(a)(1) under the Securities Act of 1933 ("Securities Act")) of Myriad, including any person that becomes an affiliate as a result of receiving such Settlement Shares or has been an affiliate within 90 days of the date of resale, such Settlement Shares shall be considered "Control Securities" and subject to resale in compliance with Rule 144 under the

Securities Act, including the volume provisions therein (although not the holding period contained in such Rule).

(bbb)   "Summary Settlement Notice" means the Summary Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(ccc)   "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund (including any resulting from appreciation in value of the Settlement Shares); and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(ddd)   "Term Sheet" means the confidential term sheet memorializing the Parties' agreement in principle to settle the Action executed on July 3, 2023.

(eee)   "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or, if applicable, the Alternate Judgment, shall have expressly waived, any and all provisions, rights,

and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, any Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or, if applicable, the Alternate Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.    Following execution of this Stipulation, but no sooner than August 3, 2023, Lead Plaintiff will move for preliminary approval of the Settlement, authorization to provide notice of

the Settlement to the Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A, which among other things, shall request that the current Court proceedings be suspended.

## **RELEASE OF CLAIMS**

3. The obligations incurred pursuant to this Stipulation are in consideration of:  (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

4. Pursuant to the Judgment, or, if applicable, the Alternate Judgment, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against the Defendants' Releasees.  This Release shall not apply to any of the Excluded Plaintiff's Claims.

5. Pursuant to the Judgment, or, if applicable, the Alternate Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the

judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against the Plaintiff's Releasees. This Release shall not apply to any of the Excluded Defendants' Claims.

6.    Notwithstanding ¶¶ 4-5 above, nothing in the Judgment, or, if applicable, the Alternate Judgment, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or, if applicable, the Alternate Judgment.

## THE SETTLEMENT CONSIDERATION

7.    **Total Settlement Consideration.**    In consideration of the settlement of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, Myriad shall provide or cause to be provided to the Class total consideration equal to $77,500,000 in value, which will consist of at least $20,000,000 paid in cash and the remainder paid in either additional cash or freely-tradeable Myriad common stock to be issued by Myriad.

8.    **Payment of Settlement Amount.** Payment of the Settlement Amount will be made in accordance with the following terms and conditions:

(a)    Myriad shall cause at least $20,000,000 in cash (the "Initial Cash Amount") to be deposited into the Escrow Account no later ten (10) business days after the date of the Court's entry of an order preliminarily approving the Settlement.

(b)    Prior to the Settlement Hearing, Myriad shall calculate and disclose to Lead Counsel what proportion of the remaining Settlement Amount (i.e., $57,500,000) will be paid in cash (the "Additional Cash Amount") or shares of Myriad common stock (the "Stock Component"). For the avoidance of doubt, the amount of the Stock Component shall be the total

$77,500,000 Settlement Amount less (i) the at least $20,000,000 Initial Cash Amount and (ii) any Additional Cash Amount beyond the Initial Cash Amount that Myriad has elected to pay in cash in lieu of Settlement Shares.

(c)     Myriad shall cause any Additional Cash Amount to be deposited into the Escrow Account no later than three (3) calendar days after the date of the Court's entry of the Judgment or, if applicable, the Alternate Judgment.

(d)     The number of Settlement Shares that Myriad shall issue will be calculated by dividing the Stock Component by the Volume-Weighted Average Price ("VWAP") of Myriad common stock for the ten (10) consecutive trading days immediately preceding the date of the Settlement Hearing.  In the event that the quotient described in the preceding sentence yields a fractional number of shares, the number of shares issued will be rounded up to nearest whole share if that fraction is equal to, or greater than one half of one share, and otherwise rounded down to the nearest whole share.  The total number of Settlement Shares to be issued shall be adjusted to reflect any subdivision or combination in Myriad common stock by stock splits, reverse stock splits, reorganization, recapitalization, or other similar transaction from the date of the initial calculation of the number of Settlement Shares that Myriad will issue under this paragraph (i.e., the date of the Settlement Hearing) through and including the date the Settlement Shares are issued by Myriad and delivered to the Securities Brokerage Account (i.e., no later than 3 business days after the date of the Court's entry of the Judgment or, if applicable, the Alternate Judgment).

(e)     Except as provided in ¶ 9(d) below, by the later of three (3) business days after: (a) the date of the Court's entry of the Judgment or, if applicable, the Alternate Judgment; or (b) the date Myriad and Defendants' Counsel receive the written instructions from Lead Counsel identifying the Securities Brokerage Account and DTC number that will match the DWAC

initiated by the Securities Brokerage Account, Myriad shall issue the Settlement Shares and shall cause the Settlement Shares to be delivered to the Securities Brokerage Account in accordance with written instructions from Lead Counsel, which shall be delivered to Myriad and Defendants' Counsel prior to the date of the Court's entry of the Judgment or, if applicable, the Alternate Judgment; *provided, however*, that if the VWAP as calculated above dropped to a level that would require Myriad to issue shares in excess of 5% of the total number of outstanding shares of Myriad common stock, then Myriad shall have four (4) months from the date of the Settlement Hearing to pay in cash into the Escrow Account any Settlement Amount that remains unpaid following payment of the Initial Cash Amount.

9.     **Issuance and Delivery of Settlement Shares.**  The following terms and conditions shall apply to the issuance and delivery of the Settlement Shares:

(a)     All Settlement Shares will be duly and validly issued, fully paid, non-assessable, approved for listing on the Nasdaq Global Select Market ("NASDAQ") (or any other stock exchange or market on which Myriad's (or its Successor Entity's) common stock is then listed or quoted) at the time of such issuance, subject to notice of issuance, and free from all liens and encumbrances (other than those created by any recipient of the Settlement Shares), and will be either registered under the Securities Act or exempt from registration under Section 3(a)(10) of the Securities Act ("Section 3(a)(10)"); *provided, however*, that should Myriad (or its Successor Entity) choose to register the issuance of the Settlement Shares, the registration of the issuance of the Settlement Shares shall not extend the deadline by which the Settlement Shares must be issued and delivered as stated in ¶ 8(e) above.

(b)     The issuance of the Settlement Shares shall be registered, or the Settlement Shares shall be available for resale by non-affiliates of Myriad (or its Successor Entity) without

registration under the Securities Act, upon issuance and delivery, and shall be issued and delivered in accordance with any applicable state securities laws, rules, or regulations ("State Blue Sky Laws") at Myriad's (or its Successor Entity's) expense.

(c)     In order to qualify for the exemption provided by Section 3(a)(10), the Parties and their counsel will take all steps reasonably necessary to ensure that each of the following conditions will be satisfied: (i) Class Members shall be given adequate notice of the Settlement Hearing in a timely manner; (ii) the Settlement Hearing shall be open to all Class Members; (iii) there shall be no improper impediments to the appearance by any Class Member at the Settlement Hearing; (iv) the Court shall be advised before the Settlement Hearing that Myriad will rely on the Section 3(a)(10) exemption based on the Court's approval of the issuance of the Settlement Shares as part of the consideration provided in exchange for the settlement and release of the Released Plaintiff's Claims against the Defendants' Releasees; (v) the Settlement Hearing shall include consideration of the fairness of the terms and conditions of the issuance of the Settlement Shares as part of the consideration provided in exchange for the settlement and release of the Released Plaintiff's Claims against the Defendants' Releasees; (vi) the Judgment or, if applicable, the Alternate Judgment shall approve the procedural and substantive fairness to the Class Members of the terms and conditions of the issuance of the Settlement Shares as part of the consideration provided in exchange for the settlement and release of the Released Plaintiff's Claims against the Defendants' Releasees; and (vii) the Judgment or, if applicable, the Alternate Judgment, shall substantially provide that the Settlement Shares are freely tradeable by non-affiliates of Myriad (or its Successor Entity) and the issuance of the Settlement Shares is exempt from registration under Section 3(a)(10), and that Myriad (or its Successor Entity) may choose to

distribute the Settlement Shares without registration and compliance with the prospectus delivery requirements of the U.S. securities laws based upon the Court's findings.

(d)     Notwithstanding ¶ 8(e) above, in the event the Court does not make the findings in ¶ 9(c)(vii) above, Myriad (or its Successor Entity) shall either (i) register the issuance of the Settlement Shares and cause the Settlement Shares to be delivered to the Securities Brokerage Account no later than three (3) months after the date of the Court's entry of the Judgment or, if applicable, the Alternate Judgment, or (ii) deposit an amount in cash equal to the Stock Component into the Escrow Account no later than three (3) calendar days after the date of the Court's entry of the Judgment or, if applicable, the Alternate Judgment.

(e)     If the Settlement Shares are to be issued pursuant to the exemption from registration under Section 3(a)(10), Myriad must confirm to Lead Counsel that Myriad has obtained the written opinion of counsel substantially as described below (but only if and when such opinion of counsel is required by the transfer agent, the stock exchange, or The Depository Trust Company in connection with the issuance and listing of the Settlement Shares), and at no cost to the Class, the Settlement Fund, or Plaintiff's Counsel; such written opinion of counsel to be substantially to the effect that (i) the issuance and delivery of the Settlement Shares into the Securities Brokerage Account is exempt from registration under the Securities Act under Section 3(a)(10) of that Act and (ii) such Settlement Shares are not "restricted securities" as defined in Rule 144(a)(3) under that Act and are transferable without registration under that Act by any holder which is not an affiliate (as defined in Rule 144(a)(1) under that Act) of Myriad and has not been an affiliate within 90 days of the date of such transfer (the "Section 3(a)(10) Opinion").

(f)     From the date of this Stipulation through the date of issuance and delivery of the Settlement Shares to the Securities Brokerage Account, no capital contributions or capital calls will be required from holders of Myriad common stock or the Class.

(g)     The Settlement Shares will be issued by Myriad (or its Successor Entity) only in certificate-less (book entry) form.  Myriad (or its Successor Entity) will not issue or otherwise provide any physical certificates for any of the Settlement Shares.

(h)     Upon issuance and delivery of the Settlement Shares into the Securities Brokerage Account, Lead Counsel shall have the option, in its sole discretion, to sell all or any portion of the Settlement Shares, including any shares awarded to Plaintiff's Counsel for attorneys' fees.  The net cash proceeds from any sale of the Class Settlement Shares will be deposited in the Escrow Account pending distribution to Authorized Claimants.  Lead Plaintiff and the other Class Members release any and all claims against Defendants or any Defendants' Releasees that arise out of, relate to, or are based upon the issuance, transfer, or disposition of the Settlement Shares made in accordance with this Stipulation or distributions or sales of the Settlement Shares by Lead Counsel and the Claims Administrator, or any of their agents, and shall forever be barred and enjoined from prosecuting any and all such claims against any of the Defendants' Releasees; *provided, however*, that the foregoing shall not alter Myriad's (or its Successor Entity's) obligations under this Stipulation, including with respect to the issuance or delivery of the Settlement Shares or the payment of costs associated therewith as provided herein.

(i)     Any Class Settlement Shares that are not to be sold by Lead Counsel shall be transferred from the Securities Brokerage Account to Myriad's (or its Successor Entity's) transfer agent for the benefit of the Class pending distribution to Authorized Claimants.  Any such Class Settlement Shares will be transferred to Myriad's (or its Successor Entity's) transfer agent

in accordance with written instructions provided by Defendants' Counsel to Lead Counsel and the Claims Administrator.

(j)     If Class Settlement Shares are transferred to the transfer agent for distribution to Authorized Claimants, those Class Settlement Shares shall be distributed to Authorized Claimants in accordance with written instructions provided by Lead Counsel or the Claims Administrator. Such instructions will provide for, among other things, posting the Class Settlement Shares electronically to the accounts of Authorized Claimants via the Direct Registration System ("DRS") in the amounts directed by the Claims Administrator or Lead Counsel. Myriad (or its Successor Entity) shall authorize the transfer agent to disburse Class Settlement Shares in accordance with such instructions.

(k)     Myriad (or its Successor Entity) shall be responsible for the payment of all costs associated with the issuance of the Settlement Shares, including without limitation, (i) all costs related to the transfer of the Settlement Shares to the Securities Brokerage Account; (ii) all costs of its transfer agent related to the issuance of the Settlement Shares; (iii) all costs associated with listing the Settlement Shares on the NASDAQ (or any other stock exchange or market on which Myriad's (or its Successor Entity's) common stock is then listed or quoted); and (iv) all costs associated with distributing the Settlement Shares to Authorized Claimants; however the recipients of the Settlement Shares shall be responsible for the payment of all brokerage fees and taxes.

(l)     Myriad (or its Successor Entity) shall direct its transfer agent to provide Lead Counsel or the Claims Administrator with instructions concerning all information Myriad's (or its Successor Entity's) transfer agent requires, as well as all formatting requirements, to enable the posting of Class Settlement Shares electronically on the DRS to the accounts of Authorized

Claimants.  Such instructions shall include, but are not limited to, information concerning the physical or electronic medium for the delivery of such information to the transfer agent and any requirements for satisfying Securities Transfer Association ("STA") guidelines so that the Claim Form to be sent to potential Class Members captures all required information in the appropriate format.  Myriad (or its Successor Entity) shall direct its (or its Successor Entity's) transfer agent to provide such instructions and review and provide comments, if any, on the proposed Claim Form, attached hereto as Exhibit 2 to Exhibit A, within three (3) calendar days of the filing of the motion for preliminary approval of the Settlement.  Any changes made to the Claim Form at the request of Myriad's (or its Successor Entity's) transfer agent shall not be deemed material changes to the Claim Form.

(m)     Lead Counsel and the Claims Administrator shall have the responsibility, on behalf of the Class, for instructing Myriad (or its Successor Entity), Defendants' Counsel, and Myriad's (or its Successor Entity's) transfer agent concerning the information for posting Class Settlement Shares to the accounts of Authorized Claimants on the DRS.  Any such directions given by Lead Counsel and the Claims Administrator shall be set forth in a writing and accompanied by such information, and in such physical or electronic medium as specified by Myriad's (or its Successor Entity's) transfer agent, as set forth in the preceding subparagraph, to permit the Class Settlement Shares to be immediately posted electronically to the accounts of Authorized Claimants on the DRS, in such amounts as are appropriate (the "Settlement Shares Instructions").  Lead Counsel and the Claims Administrator shall endeavor to cause all Class Settlement Shares to be distributed and posted to the accounts of all Authorized Claimants on the DRS at the same time, in such amounts as are appropriate.  Myriad (or its Successor Entity) shall have no liability if the

Class Settlement Shares are not distributed to all Authorized Claimants at the same time, in such amounts as are appropriate.

(n)     Lead Counsel, Myriad (and any Successor Entity), the Claims Administrator, each Authorized Claimant, and all entities under the direction of Lead Counsel shall cooperate with Myriad's (or its Successor Entity's) transfer agent to provide such information as is required for or related to the Settlement Shares Instructions.  Lead Counsel and the Claims Administrator shall provide the Settlement Shares Instructions to Myriad's (or its Successor Entity's) transfer agent as soon as possible after the entry of a Class Distribution Order.  Myriad (or its Successor Entity) shall have no liability if the Class Settlement Shares are not timely distributed to any Authorized Claimant due to deficient Settlement Shares Instructions.

(o)     Each of Lead Counsel and the Claims Administrator has the right to rely on the instructions provided by Myriad's (or its Successor Entity's) transfer agent as to the information it requires, as well as the formatting requirements to enable the posting of the Settlement Shares electronically on the DRS to the accounts of Authorized Claimants.  Myriad's (or its Successor Entity's) transfer agent, in its sole discretion, may request additional information or reformatting in order to effect the posting to the accounts of the Authorized Claimants on the DRS.

(p)     Each of Myriad and its transfer agent (and its Successor Entity and its transfer agent) has the right to rely on the accuracy and completeness of the information provided by Lead Counsel, the Claims Administrator, or Authorized Claimants with respect to the issuance and distribution of the Settlement Shares.

(q)     Neither the Defendants nor Myriad's (or its Successor Entity's) transfer agent shall have any responsibility or liability regarding the accuracy or completeness of any

information provided by Lead Counsel, the Claims Administrator, or any Authorized Claimant in respect to the issuance or distribution of the Settlement Shares, or any losses incurred in connection therewith; however, as discussed above, Myriad and its transfer agent (and its Successor Entity and its transfer agent) are responsible for providing complete and accurate instructions to Lead Counsel and the Claims Administrator with respect to the information and formatting required in respect to the issuance or distribution of the Settlement Shares and Myriad (and its Successor Entity) shall be liable for any fees, costs, or losses incurred in connection with Myriad's or its transfer agent's (or its Successor Entity's or its Successor Entity's transfer agent's) failure to provide accurate and complete instructions.

(r)    Lead Counsel shall provide Defendants' Counsel with notice of the Settlement Shares Instructions at the same time such Settlement Shares Instructions are delivered to Myriad's (or its Successor Entity's) transfer agent.  Lead Counsel shall not issue the Settlement Shares Instructions with respect to the Class Settlement Shares allocable to Authorized Claimants prior to the entry of a Class Distribution Order authorizing the distribution of the Class Settlement Shares, in whole or in part, to Authorized Claimants.

(s)    In the event of a CIC prior to the issuance and delivery of the Settlement Shares to the Securities Brokerage Account: (i) if holders of Myriad common stock receive all cash in the CIC Transaction, then in lieu of the Settlement Shares, Myriad or the Successor Entity (the "Successor Entity") shall pay cash in an amount equal to the Stock Component; and (ii) if the holders of Myriad common stock receive consideration in such CIC Transaction that is not entirely composed of cash, then Myriad or the Successor Entity shall continue to be obligated to timely provide the Stock Component; *provided, however*, in such event, the Settlement Shares to be issued shall be the stock of the Successor Entity and the amount of Settlement Shares to be issued by the

Successor Entity shall be equal to the Stock Component divided by the VWAP of the Successor Entity common stock for the ten (10) consecutive trading days immediately preceding the date of the Settlement Hearing.  In the event that the quotient described in the preceding sentence yields a fractional number of shares, the number of shares issued will be rounded up to nearest whole share if that fraction is equal to, or greater than one half of one share, and otherwise rounded down to the nearest whole share.  Additionally, in the event of a CIC prior to the issuance and delivery of the Settlement Shares to the Securities Brokerage Account, if the VWAP of the Successor Entity stock as calculated above would otherwise require the Successor Entity to issue shares in excess of 19.99% of the total number of outstanding shares of the common stock of the Successor Entity when combined with any other shares of common stock of the Successor Entity issued in the CIC Transaction, then the Successor Entity shall not be obligated to issue any shares of common stock and the Successor Entity shall have four (4) months from the date of the Settlement Hearing to pay in cash into the Escrow Account any Settlement Amount that remains unpaid following payment of the Initial Cash Amount.  For the avoidance of doubt, the value of the total Settlement Shares (as calculated in accordance with the VWAP formula above) shall be no less than the value of the Stock Component as of the date of the Settlement Hearing (i.e., $57,500,000, or such lesser value if any amount of the $77,500,000 total Settlement Amount beyond the $20,000,000 Initial Cash Amount is paid in cash in lieu of Settlement Shares in accordance with the terms of this Stipulation).

(t)     By virtue of determining the number of Settlement Shares to be issued by Myriad (or its Successor Entity) pursuant to this Stipulation as of the date of the Settlement Hearing, following the date of the Settlement Hearing, Lead Plaintiff and the Class shall retain the

benefit of any increase in the value of Myriad (or its Successor Entity's) common stock and assume the risk of any decrease in the value of Myriad (or its Successor Entity's) common stock.

(u)     During the period between the issuance of the Settlement Shares and the distribution thereof to Authorized Claimants, the Settlement Shares shall be treated identically to the existing Myriad (or its Successor Entity's) common stock, and shall receive all benefits that accrue to the existing Myriad (or its Successor Entity's) common stock (including, but not limited to, cash dividends and other distributions to shareholders).  Additionally, during such period, on any matter or at any meeting at which shareholders of Myriad (or its Successor Entity's) common stock are entitled to vote, the Settlement Shares shall be deemed voted (and Lead Counsel shall or shall cause Myriad's (or its Successor Entity's) transfer agent to vote the Settlement Shares) in the same manner in which the majority of the outstanding shares of Myriad (or its Successor Entity's) common stock (exclusive of the Settlement Shares) are actually voted.

10.     In the event Myriad (or its Successor Entity) defaults on its obligation to deliver the Settlement Shares set forth above: (a) no portion of the Initial Cash Amount shall be returned to Myriad; and (b) Myriad (or its Successor Entity) shall have up to seven (7) calendar days to cure any such defaults, and if not so cured shall immediately upon default pay any unpaid Settlement Amount in cash.

## **USE OF SETTLEMENT FUND**

11.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court.  The balance remaining in the Settlement Fund (including, if applicable, the net cash proceeds from the sale of any Class Settlement Shares deposited into the Escrow Account in accordance with the terms of

this Stipulation), that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 23-36 below.

12.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  The Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or actions of the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

13.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns

as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

14.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

15.    The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the

percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

16.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. The Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Class Notice and Settlement Notice, publishing the Summary Settlement Notice, reimbursements to nominee owners for forwarding the Class Notice or Settlement Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.  All Notice and Administration Costs shall be paid exclusively from the Settlement Fund.  Except for Defendants' obligation to send CAFA notice as provided for in ¶ 26 below, Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Costs, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

17.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiff's Counsel to be paid solely from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for payment of Litigation Expenses, which may include a request for

reimbursement of Lead Plaintiff's costs and expenses directly related to its representation of the Class, to be paid solely from (and out of) the Cash Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses (the "Fee and Expense Application") is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

18.     Payment of any Litigation Expenses awarded by the Court shall be paid from the Cash Settlement Fund. Any attorneys' fees that are awarded by the Court shall be paid proportionally from the Cash Settlement Fund and the Settlement Shares (or the net proceeds from the sale of the Settlement Shares). By way of illustration, if Myriad pays $30 million of the Settlement Amount in cash and the remainder in Settlement Shares, then 39% of the fee award shall be paid in cash and 61% shall be paid in Settlement Shares. No Defendant or any other Defendants' Releasee shall have any involvement with or liability, obligation, or responsibility whatsoever for the manner and method to which attorneys' fees are awarded out of the Settlement Fund.

19.     Any attorneys' fees and Litigation Expenses that are awarded by the Court (the "Fee and Expense Award") shall be paid to Lead Counsel either (a) if paid from (and out of) the Cash Settlement Fund, immediately upon the Fee and Expense Award; or (b) if paid from (and out of) the Settlement Shares, immediately upon the Fee and Expense Award or, if the Settlement Shares have not yet been delivered to the Securities Brokerage Account at the time of the Fee and Expense Award, immediately upon the delivery of the Settlement Shares to the Securities Brokerage Account in accordance with ¶¶ 8(e) or 9(d) above, notwithstanding any appeals or potential for appeal from the Fee and Expense Award, timely filed objections to the Fee and Expense Award, or collateral attack on the Settlement or any part of the Settlement.

20.     The payment of the Fee and Expense Award to Plaintiff's Counsel shall be subject to Plaintiff's Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Plaintiff's Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  With respect to any portion of Plaintiff's Counsel's fee paid in Settlement Shares, any refund or repayment shall be net of the cost of liquidating or selling such shares.  In the event the Settlement Shares are liquidated, in lieu of returning the portion of the Settlement Shares paid to Plaintiff's Counsel as Court-awarded attorneys' fees, Plaintiff's Counsel may refund the net cash proceeds from the sale of any such Settlement Shares.  Each such Plaintiff's Counsel's law firm or Lead Plaintiff, as a condition of receiving such fees, costs, and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.  Any refunds required pursuant to this ¶ 20 shall be the several obligation of Lead Counsel, other Plaintiff's Counsel, and Lead Plaintiff that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.

21.     An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Lead Plaintiff

nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

22.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.  Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiff's Counsel shall be payable solely from the Settlement Fund.

## NOTICE AND SETTLEMENT ADMINISTRATION

23.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Class Members, or Lead Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

24.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Settlement Notice and Proof of Claim Form to all persons or entities who were previously mailed copies of the Class

Notice and any other potential Class Members who may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Settlement Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

25.     The Parties will take the position with the Court that, in light of the exclusion request process done in connection with the Class Notice (as described in WHEREAS clauses M and N of this Stipulation), Class Members shall not be given an additional opportunity to exclude themselves from the Class with respect to the Settlement in connection with the Settlement Notice. Accordingly, unless otherwise ordered by the Court, the Settlement Notice will not provide Class Members an opportunity to request exclusion from the Class with respect to the Settlement.

26.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA").  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).  The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment or, if applicable, the Alternate Judgment.

27.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation

set forth in the Settlement Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

28.     The Plan of Allocation proposed in the Settlement Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

29.     Any Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, if applicable, the Alternate Judgment, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

30.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment.  Lead Counsel shall have the right, but not the obligation, to

waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

31.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Settlement Notice.  Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, if applicable, the Alternate Judgment, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiff's Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)      Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)      Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

32.      Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount

of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

33.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

34.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, if applicable, the Alternate Judgment, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiff's Claims.

35.     No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination,

administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith. Class Members shall also release and be barred from asserting against Lead Plaintiff, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, any claims arising out of, relating to, based upon, or in connection with the issuance, transfer, disposition, sale, or liquidation of the Settlement Shares made in accordance with the terms of the Stipulation.

36.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

37.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## **CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

38.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     The Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)     The Cash Settlement Amount (including the Initial Cash Amount, any Additional Cash Amount, and any additional cash consideration required to be paid in lieu of Settlement Shares) has been timely paid into the Escrow Account as required by ¶¶ 8 and 9 above;

(c)     The Settlement Shares have been timely issued and delivered to the Securities Brokerage Account as required by ¶¶ 8 and 9 above;

(d)     Lead Plaintiff has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e)     Myriad has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(f)     The Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, and the Judgment has become Final, or the Court has entered an Alternate Judgment, and none of the Parties seek to terminate the Settlement, and the Alternate Judgment has become Final.

39.     Upon the occurrence of all of the events referenced in ¶ 38 above, any and all remaining interest or right of Defendants or their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

40.     If (i) Lead Plaintiff exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Myriad exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)     Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on July 3, 2023;

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 40 and ¶¶ 16, 19, 43, and 64 of this Stipulation, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or, if applicable, the Alternate Judgment, or any other order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*;

(d)     If the Settlement is terminated pursuant to this Stipulation, then Lead Counsel shall, within five (5) business days of such termination, provide written notification of termination to the Escrow Agent.  Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, (i) the Cash Settlement Fund, including, if applicable, the net cash proceeds from the sale of any Class Settlement Shares (including accrued interest thereon and change in value as a result of the investment of the cash held in the Escrow Account), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, shall be refunded by the Escrow Agent to Myriad (or such other persons or entities as Myriad may direct); and (ii) if applicable, any unsold Class Settlement Shares shall be returned to Myriad; and

(e)     Any attorneys' fees and expenses paid to Plaintiff's Counsel shall be refunded in accordance with ¶ 20 above.  Such payments may be refunded in cash at Lead Counsel's election.

41.     It is further stipulated and agreed that Lead Plaintiff and Myriad shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to each of the other Parties within thirty (30) calendar days of:

(a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Tenth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Tenth Circuit or the United States Supreme Court, and the provisions of ¶ 40 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or payment of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or, if applicable, the Alternate Judgment, and shall not be grounds for termination of the Settlement.

42.    In addition to the grounds set forth in ¶ 41 above:

(a)    Lead Plaintiff shall have the unilateral right to terminate the Settlement in the event that a failure to (i) timely pay the Cash Settlement Amount into the Escrow Account in accordance with ¶¶ 8 and 9 above, or (ii) timely issue and deliver the Settlement Shares to the Securities Brokerage Account in accordance with all of the requirements stated in ¶¶ 8 and 9 above is not cured within five (5) business days after Lead Plaintiff provides written notice in accordance with ¶ 62 below.

(b)    If prior to the Settlement Hearing, the aggregate number of shares of Myriad common stock purchased or acquired during the Class Period by persons who would otherwise be Class Members but who subsequently requests exclusion from the Class, in the event the Court requires that Class Members be given an additional opportunity to exclude themselves from the

Class with respect to the Settlement in connection with the Settlement Notice, exceeds the sum specified in a separate supplemental agreement between Lead Plaintiff and Myriad by and through their counsel (the "Supplemental Agreement"), Myriad shall have the unilateral right to terminate this Stipulation and render it null and void in accordance with the procedures set forth in the Supplemental Agreement.  The Parties agree to maintain the confidentiality of the Supplemental Agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and, as applicable, in the Settlement Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiff and Myriad concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

43.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has

been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

44.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or

inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

45.     Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

46.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Cash Settlement Fund or issuance or delivery of any Settlement Shares or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion of the Cash Settlement Fund and/or the Settlement Shares is required to be returned, and such amount is not promptly deposited into the Cash Settlement Fund by others and/or the equivalent value of such Settlement Shares is not replaced by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or, if applicable, the Alternate Judgment, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or, if applicable, the Alternate Judgment, shall be null and void, and the Parties shall be restored to their respective positions in the Action as provided in ¶ 40 above and any cash amounts in the Escrow Account and, if applicable, any previously issued Settlement Shares (less any Taxes paid, due, or owing with respect to the Settlement Fund, less any Notice and Administration Costs actually incurred,

paid, or payable, and less the cost of liquidating or selling any Settlement Shares) shall be returned as provided in ¶ 40 above.

47.     The Parties intend this Stipulation and the Settlement to be a full, final, and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff or any other Class Members against the Defendants' Releasees with respect to the Released Plaintiff's Claims.  Pursuant to 15 U.S.C. § 78u-4(c)(1), the Judgment will contain a finding that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the maintenance, prosecution, defense, and settlement of the Action.  In addition, no Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by the Mediators, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

48.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiff and its counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution

of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  Nothing in this Stipulation shall limit Lead Plaintiff's ability to comply with its obligations to make disclosures as required by law, including, but not limited to, the California Public Records Act (Cal. Gov. Code § 7920, *et seq*.), the Ralph M. Brown Act (Cal. Gov. Code § 54950, *et seq*.), and any other legal requirements as determined by the Los Angeles City Attorney.

49.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of Lead Plaintiff and Defendants (or their successors-in-interest).

50.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

51.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiff's Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

52.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

53.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations,

warranties, or inducements have been made by any Party concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

54.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

55.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party may merge, consolidate, or reorganize.

56.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of Utah without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

57.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

58.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

59.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

60.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

61.     Within thirty (30) calendar days of the Effective Date, Lead Plaintiff shall return or destroy all discovery material produced by Defendants in connection with the Action.

62.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiff or Lead Counsel: | Bernstein Litowitz Berger & Grossmann LLP<br>Attn:  Abe Alexander, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone:  (212) 554-1400<br>Facsimile:  (212) 554-1444<br>Email:  Abe.Alexander@blbglaw.com |
| If to Defendants: | Skadden, Arps, Slate, Meagher & Flom LLP<br>Attn:  Scott D. Musoff<br>One Manhattan West<br>New York, NY 10001<br>Telephone:  (212) 735-3000<br>Facsimile:  (212) 735-2000<br>Email:  scott.musoff@skadden.com |

63.     Except as otherwise provided herein, each Party shall bear its own costs.

64.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, and

proceedings in connection with the Stipulation confidential.  However, nothing in this Stipulation shall limit Lead Plaintiff's ability to comply with any disclosure obligations incurred at the time this Stipulation is fully executed, including, but not limited to, those obligations arising under the California Public Records Act (Cal. Gov. Code § 7920, *et seq*.), the Ralph M. Brown Act (Cal. Gov. Code § 54950, *et seq*.), and any other legal requirements as determined by the Los Angeles City Attorney.

65.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.  Notwithstanding the foregoing, nothing in this Stipulation shall limit Lead Plaintiff's ability to comply with disclosure obligations arising under applicable law, including, but not limited to, those obligations arising under the California Public Records Act (Cal. Gov. Code § 7920, *et seq*.), the Ralph M. Brown Act (Cal. Gov. Code § 54950, *et seq*.), and any other legal requirements as determined by the Los Angeles City Attorney.

66.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of August 3, 2023.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _____

Salvatore Graziano (*admitted pro hac vice*)
Hannah Ross (*admitted pro hac vice*)
Adam Wierzbowski (*admitted pro hac vice*)
Abe Alexander (*admitted pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

***Lead Counsel for Lead Plaintiff
and the Class***

**OFFICE OF THE LOS ANGELES
 CITY ATTORNEY**

Hydee Feldstein Soto, Los Angeles City Attorney
Anya J. Freedman, Assistant City Attorney
Miguel G. Bahamon, Deputy City Attorney
Public Pensions General Counsel Division
977 North Broadway
Los Angeles, CA 90012-1728
Telephone: (213) 978-6800

***Additional Counsel for Lead Plaintiff
Los Angeles***

**SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP**

By: _____
    Scott D. Musoff (*admitted pro hac vice*)
    Winston P. Hsiao (*admitted pro hac vice*)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY,
 AND POPEO, P.C.**

By: _____
    John F. Sylvia (*admitted pro hac vice*)
    Matthew D. Levitt (*admitted pro hac vice*)

55

One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

*Counsel for Defendants*

**GREENBERG TRAURIG LLP**

By: _____
    Daniel J. Wadley
    John Huber
222 South Main Street Suite 1730
Salt Lake City, Utah 84101
Telephone: (801) 478-6900

*Additional Counsel for Defendant Mark C. Capone*

**O'MELVENY & MYERS LLP**

By: _____
    Matthew W. Close
    Brittany Rogers
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

*Additional Counsel for Defendant Bryan Dechairo*

**WILMER CUTLER PICKERING HALE AND DORR LLP**

By: _____
    Michael G. Bongiorno
    Jocelyn M. Keider
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

*Additional Counsel for Defendant R. Bryan Riggsbee*

Telephone: (617) 542-6000
Facsimile: (617) 542-2241

*Counsel for Defendants*

**GREENBERG TRAURIG LLP**

By: _____

    Daniel J. Wadley
    John Huber
222 South Main Street Suite 1730
Salt Lake City, Utah 84101
Telephone: (801) 478-6900

*Additional Counsel for Defendant Mark C. Capone*

**O'MELVENY & MYERS LLP**

By: _____

    Matthew W. Close
    Brittany Rogers
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

*Additional Counsel for Defendant Bryan Dechairo*

**WILMER CUTLER PICKERING HALE AND DORR LLP**

By: _____

    Michael G. Bongiorno
    Jocelyn M. Keider
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

*Additional Counsel for Defendant R. Bryan Riggsbee*

Telephone: (617) 542-6000
Facsimile: (617) 542-2241

*Counsel for Defendants*

**GREENBERG TRAURIG LLP**

By: _____
    Daniel J. Wadley
    John Huber
222 South Main Street Suite 1730
Salt Lake City, Utah 84101
Telephone: (801) 478-6900

*Additional Counsel for Defendant Mark C. Capone*

**O'MELVENY & MYERS LLP**

By: _____
    Matthew W. Close
    Brittany Rogers
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

*Additional Counsel for Defendant Bryan Dechairo*

**WILMER CUTLER PICKERING HALE AND DORR LLP**

By: _____
    Michael G. Bongiorno
    Jocelyn M. Keider
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

*Additional Counsel for Defendant R. Bryan Riggsbee*

**Appendix 1**

1. Daniel Bower
   Hurleyville, NY

2. Judith D. & Stuart L. Card
   Vancouver, WA

3. Baynard Chamberlain
   Flat Rock, NC

4. Paula Coelho
   Palm Harbor, FL

5. John Coughlin
   Carlsborg, WA

6. Mary Crouch
   Eastaboga, AL

7. Joan Dotson
   Carson City, NV

8. Frank A. Ehlman
   Crystal River, FL

9. Marc Ferree
   Red Lion, PA

10. Susan D. Fletcher
    Palm Bay, FL

11. George W. Hopkins &
    Ethel M. Hopkins JWROS
    Trenton, NJ

12. Irma Danae Landeros
    Los Angeles, CA

13. Sharon B. Marble
    Berlin, MD

14. James Edward McAllister
    Albuquerque, NM

15. Denis M. McCarthy
    Albuquerque, NM

16. John Notte
    Philadelphia, PA

17. Robert N. Pence
    Vienna, VA

18. Betty Jo Pohl
    Houston, TX

19. James A. Pressler
    San Diego, CA

20. Tim Pruss
    San Jose, CA

21. Todd R. Rasmussen
    Townsend, WI

22. Nancy Russell
    Prescott Valley, AZ

23. Rae Lynn Schleif
    Perrysburg, OH

24. Vickie D. Steinke
    Eagan, MN

25. Sandra Tunik
    Santa Rosa, CA

26. Janice M. Welchert
    Tucson, AZ

27. Estate of Richard W. Wojtecki
    Charlotte, NC

28. Fiona Xie
    New York, NY

29. Robert Woodward
    Spring Hill, FL

30. Joshua Silicato
    Newark, DE

# Exhibit A

**Exhibit A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| IN RE MYRIAD GENETICS, INC. SECURITIES LITIGATION | Case No. 2:19-cv-00707-JNP-DBP<br><br>District Judge Jill N. Parrish |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Myriad Genetics, Inc. Securities Litigation*, Case No. 2:19-cv-00707-JNP-DBP (the "Action");

WHEREAS, by Order dated December 13, 2021 (ECF No. 123), this Court certified the Action to proceed as a class action on behalf of following class (the "Class"): all persons who purchased or acquired Myriad Genetics, Inc. ("Myriad" or the "Company") common stock from August 9, 2017 until February 6, 2020, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class by definition are: (i) Defendants; (ii) any current or former officers or directors of Myriad; (iii) the immediate family members of any Defendant or any current or former officer or director of Myriad; and (iv) any entity that any Defendant owns or controls or owned or controlled during the Class Period. Also excluded from the Class are the persons and entities who requested exclusion from the Class in connection with the Class Notice, as listed in Appendix 1 to the Stipulation (defined below).

WHEREAS, the Court's December 13, 2021 Order also appointed Lead Plaintiff Los Angeles Fire and Police Pensions ("Lead Plaintiff") as Class Representative for the Class; and appointed Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel") as Class Counsel for the Class;

WHEREAS, by Order dated February 14, 2022, the Court approved the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (a) the Action pending against Defendants; (b) the Court's certification of the Action to proceed as a class action on behalf of the Class; (c) their right to request to be excluded from the Class; (d) the effect of remaining in the Class or requesting exclusion; and (e) the requirements for requesting exclusion (ECF No. 131) (the "Class Notice Order");

WHEREAS, pursuant to the Class Notice Order, the Class Notice was disseminated to potential Class Members who could be identified through reasonable effort (ECF No. 140);

WHEREAS, the Class Notice provided sufficient opportunity for those putative Class Members who wished to exclude themselves from the Class to do so;

WHEREAS, pursuant to the Class Notice, thirty (30) persons and entities requested exclusion from the Class.  A list of the persons and entities who requested exclusion pursuant to the Class Notice is attached as Appendix 1 to the Stipulation;

WHEREAS, (a) Lead Plaintiff, on behalf of itself and the Court-certified Class; and (b) Defendants Myriad, Mark C. Capone, Bryan Dechairo, and R. Bryan Riggsbee (collectively, "Defendants") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated August 3, 2023 (the "Stipulation") subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below. The Court finds probative that the Settlement was negotiated at arm's length under the oversight of experienced mediators.

3.      **Settlement Hearing** – The Court will hold a hearing (the "Settlement Hearing") on _____, 2023, at __:__ _.m., either in person at the United States District Court for the District of Utah, Orrin G. Hatch U.S. Courthouse, Courtroom 8.200, 351 S. West Temple Street, Salt Lake City, UT 84101, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the

Class, and should be finally approved by the Court; (b) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice against Defendants and granting the Releases specified and described in the Stipulation; (c) to determine whether the terms and conditions of the issuance of the Settlement Shares, which shares are to be issued pursuant to the exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, are fair to all persons and entities to whom the shares will be issued; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraphs 5 and 6 of this Order.

4.      The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Class.  Any Class Member (or his, her, their, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the case website for any change in date, time, or format of the hearing.

5.      **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – A.B. Data, Ltd. ("A.B. Data") was previously retained to supervise and administer the distribution of the

Class Notice and receive and process requests for exclusion from the Class. Lead Counsel is now authorized to retain A.B. Data as the Claims Administrator to supervise and administer the notice procedures in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)     Beginning no later than fifteen (15) business days after the date of entry of this Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Settlement Notice Date"), A.B. Data shall cause a copy of the Settlement Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Settlement Notice Packet"), to be mailed by first-class mail to all potential Class Members who were previously mailed a copy of the Class Notice;

(b)     By no later than the Settlement Notice Date, A.B. Data shall post copies of the Settlement Notice and the Claim Form on the website previously established for the Action, www.MyriadGeneticsSecuritiesLitigation.com (the "Case Website");

(c)     By no later than ten (10) business days after the Settlement Notice Date, A.B. Data shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the *Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(d)     By no later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

6.     **Nominee Procedures** – In connection with the previously disseminated Class Notice, brokers and other nominees ("Nominees") who purchased or acquired Myriad common

stock during the Class Period for the beneficial interest of persons or organizations other than themselves were directed to either: (a) request from A.B. Data sufficient copies of the Class Notice to forward to all such beneficial owners and then forward those Class Notices directly to all such beneficial owners; or (b) provide a list of the names and addresses of all such beneficial owners to A.B. Data.

(a)     For Nominees who chose the first option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), A.B. Data shall forward the same number of Settlement Notice Packets to such Nominees no later than the Settlement Notice Date, and the Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packets, mail the Settlement Notice Packets to their beneficial owners;

(b)     For Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to A.B. Data), A.B. Data shall, by no later than the Settlement Notice Date, mail a copy of the Settlement Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied.  Unless the Nominee purchased or acquired Myriad common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to A.B. Data, or is aware of a name or address change of one of its beneficial owners, such Nominees need not take any further action;

(c)     For Nominees that purchased or acquired Myriad common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to A.B. Data or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to A.B. Data, such Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packet, provide a list of the names, addresses and, if available, email addresses, of all such beneficial owners to A.B. Data, or

shall request from A.B. Data sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of the Settlement Notice Packets from A.B. Data, mail to the beneficial owners; and

(d)     Upon full and timely compliance with this Order, Nominees who mail the Settlement Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing A.B. Data with proper documentation supporting the expenses for which reimbursement is sought.   Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraphs 5 and 6 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil

Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing, and all other relevant deadlines, shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

8. **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"), no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  By no later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

9. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online via the Case Website, no later than one hundred twenty (120) calendar days after the Settlement Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim and the subject matter of the Settlement.

10.     Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, their, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11.     Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, their, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 9 above.

12.   **No Second Opportunity to Request Exclusion From the Class** – In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class in connection with the Class Notice, the Court is exercising its discretion under Rule 23(e)(4) of the Federal Rules of Civil Procedure to not require a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings.

13.   **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice, by filing with the Court and delivering a notice of appearance to Lead Counsel and Representative Defendants' Counsel, at the addresses set forth in paragraph 14 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

14.   Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Representative Defendants' Counsel at the

10

addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

Lead Counsel:                                  Bernstein Litowitz Berger & Grossmann LLP
                                               Abe Alexander
                                               1251 Avenue of the Americas, 44th Floor
                                               New York, NY 10020

Representative Defendants' Counsel:            Skadden, Arps, Slate, Meagher, and Flom LLP
                                               Scott D. Musoff
                                               One Manhattan West
                                               New York, NY 10001

15.     Any objections, filings, and other submissions by the objecting Class Member must (a) identify the case name and case number, *In re Myriad Genetics, Inc. Securities Litigation*, Case Number 2:19-cv-00707-JNP-DBP (D. Utah); (b) state the name, address, and telephone number of the person or entity objecting; (c) be signed by the objector (even if the objector is represented by counsel); (d) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (e) include documents sufficient to provide membership in the Class, including documents showing the number of shares of Myriad common stock that the objecting Class Member (1) owned as of the opening of trading on August 9, 2017 and (2) purchased/acquired and/or sold during the period from August 9, 2017 until February 6, 2020, inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale transaction.  The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Lead Counsel

is authorized to request from any objector additional transaction information or documentation regarding his, her, their, or its holdings and trading in Myriad common stock.

16.     Any Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses must also file a notice of appearance with the Court and serve it on Lead Counsel and on Representative Defendants' Counsel at the addresses set forth in paragraph 14 above so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or video conference.

17.     Any Class Member who or which does not make his, her, their, or its objection in the manner provided herein shall be deemed to have waived his, her, their, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement, the Plan of Allocation, or the application for attorneys' fees and Litigation Expenses.

18.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff and all other Class Members from commencing or prosecuting any and all of the Released Plaintiff's Claims against the Defendants' Releasees.

19.     **Settlement Administration Fees and Expenses** – All Notice and Administration Costs, including the reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

20.     **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22.     **Plan of Allocation and Motion for Attorneys' Fees and Litigation Expenses** – Defendants' Releasees shall have no responsibility or liability for (i) the Plan of Allocation; (ii) any actions of the Escrow Agent; (iii) any distributions from the Net Settlement Fund; or (iv) any application for attorneys' fees or Litigation Expenses submitted by Lead Counsel or

Lead Plaintiff.  The Court will consider the Plan of Allocation and any applications for attorneys' fees or Litigation Expenses separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action and Releases.  At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or payment of expenses shall be approved.

23.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on July 3, 2023, as provided in the Stipulation.

24.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any

of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)      shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

25.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

26.     **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2023.


_____
The Honorable Jill N. Parrish
United States District Judge

# Exhibit A-1

Exhibit A-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| IN RE MYRIAD GENETICS, INC. SECURITIES LITIGATION | Case No. 2:19-cv-00707-JNP-DBP<br><br>District Judge Jill N. Parrish |

**NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:     All persons who purchased or acquired Myriad Genetics, Inc. ("Myriad" or the "Company") common stock from August 9, 2017 until February 6, 2020, inclusive (the "Class Period"), and were damaged thereby (the "Class").**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:**  This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Utah (the "Court").  Please be advised that Lead Plaintiff Los Angeles Fire and Police Pensions ("Lead Plaintiff" or "Los Angeles"), on behalf of itself and the Court-certified Class (as defined in ¶ 24 below), has reached a proposed settlement of the Action for $77,500,000 in total settlement value, with at least $20,000,000 paid in cash and the remainder paid in either additional cash or shares of freely-tradeable Myriad common stock (the "Settlement").  The terms and provisions of the Settlement are contained in the Stipulation and Agreement of Settlement dated August 3, 2023 (the "Stipulation").[1]

This Notice is directed to you in the belief that you may be a member of the Class.  If you do not meet the Class definition, or if you previously excluded yourself from the Class in connection with the Notice of Pendency of Class Action that was mailed to potential Class Members beginning in March 2022 (the "Class Notice"), this Notice does not apply to you.  A list of the persons and entities who requested exclusion from the Class pursuant to the Class Notice is available at www.MyriadGeneticsSecuritiesLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement.  If you are a Class Member, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's office, Myriad, the other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 67 below).**

1.     **Description of the Action and the Class:**  This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants Myriad, Mark C. Capone (Myriad's former President and Chief Executive Officer), Bryan Riggsbee (Myriad's Chief Financial

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.  The Stipulation is available at www.MyriadGeneticsSecuritiesLitigation.com.

Officer), and Bryan M. Dechairo (Myriad's former Executive Vice President of Clinical Development) (collectively, "Defendants") violated the federal securities laws by making false and misleading statements to investors about certain of Myriad's key products.  A more detailed description of the Action is set forth in ¶¶ 11-23 below.  The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 24 below.

2.    **Statement of the Class's Recovery**:  Subject to Court approval, Lead Plaintiff, on behalf of itself and the Class, has agreed to settle the Action in exchange for $77,500,000 in total settlement value (the "Settlement Amount"), with at least $20,000,000 being paid in cash and the remainder paid in either additional cash or shares of freely-tradeable Myriad common stock (the "Settlement Shares" and, together with the total amount paid in cash (the "Cash Settlement Amount"), the "Settlement Amount").  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court.  The proposed plan of allocation (the "Plan of Allocation") is set forth in Appendix A at the end of this Notice.  The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among eligible Class Members.

3.    **Estimate of Average Amount of Recovery Per Share**:  Based on Lead Plaintiff's damages expert's estimate of the number of shares of Myriad common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $1.22 per affected share of Myriad common stock.  Class Members should note, however, that the foregoing average recovery is only an estimate.  Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Myriad shares, and the total number and value of valid Claim Forms submitted.  Distributions to Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share**:  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any Class Members as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought**:  Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"), with Liaison Counsel Deiss Law PC (together, "Plaintiff's Counsel"), have been prosecuting the Action on a wholly contingent basis since its inception in 2019, have not received any payment of attorneys' fees for their representation of the Class, and have advanced the funds to pay expenses necessarily incurred to prosecute the Action.  Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 19% of the Settlement Fund (in combination of cash and stock in the same proportion that the Cash Settlement Amount and the Settlement Shares comprise the Settlement Amount).  In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $1,700,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.26 per affected share of Myriad common stock.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

2

6.   **Identification of Attorneys' Representative:**  Lead Plaintiff and the Class are represented by Abe Alexander of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020; 1-800-380-8496; settlements@blbglaw.com.  Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Claims Administrator at: Myriad Genetics Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217; 877-331-0728; info@MyriadGeneticsSecuritiesLitigation.com; www.MyriadGeneticsSecuritiesLitigation.com.  **Please do not contact the Court regarding this Notice.**

7.   **Reasons for the Settlement:**  Lead Plaintiff's principal reason for entering into the Settlement is the substantial and certain recovery that the Settlement provides for the Class without the risk or the delays inherent in further litigation.  Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED* **(IF MAILED), OR** *SUBMITTED ONLINE***, NO LATER THAN [_____], 2023.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 33 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 34 below), so it is in your interest to submit a Claim Form. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS** *RECEIVED* **NO LATER THAN [_____], 2023.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member. |
| **GO TO A HEARING ON [_____], 2023, AT [__:___] [__].M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS** *RECEIVED* **NO LATER THAN [_____], 2023.** | Filing a written objection and notice of intention to appear by [_____], 2023 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.   In the Court's discretion, the [_____], 2023 hearing may be conducted by telephone or video conference (*see* ¶¶ 53-54 below).  If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

3

| DO NOTHING. | If you are a Class Member and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a Class Member, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

**These rights and options—and the deadlines to exercise them—are further explained in this Notice.  <u>Please Note</u>: The date and time of the Settlement Hearing—currently scheduled for [_____], 2023, at [__:__] [_].m.—is subject to change without further notice to the Class.  It is also within the Court's discretion to hold the hearing in person or by video or telephonic conference.  If you plan to attend the hearing, you should check the case website, www.MyriadGeneticsSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? .................................................................. Page [__]
What Is This Case About? ..................................................................... Page [__]
How Do I Know If I Am Affected By The Settlement?  Who Is Included In The Class? ... Page [__]
What Are Lead Plaintiff's Reasons For The Settlement? ........................ Page [__]
What Might Happen If There Were No Settlement? .............................. Page [__]
How Are Class Members Affected By The Settlement? ......................... Page [__]
How Do I Participate In The Settlement?  What Do I Need To Do? ....... Page [__]
How Much Will My Payment Be? .......................................................... Page [__]
What Payment Are The Attorneys For The Class Seeking?  How Will The Lawyers Be Paid? ... Page [__]
When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have
   To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? ... Page [__]
What If I Bought Myriad Common Stock On Someone Else's Behalf? ... Page [__]
Can I See The Court File?  Whom Should I Contact If I Have Questions? ... Page [__]
Appendix A – Proposed Plan of Allocation ........................................... Page [__]

## WHY DID I GET THIS NOTICE?

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or acquired Myriad common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the terms of the proposed Settlement of the Action and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

4

Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 53-54 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| **WHAT IS THIS CASE ABOUT?** |
| --- |

11.    Myriad is a molecular diagnostic company that develops and markets genetic lab tests that screen for the presence of certain traits or diseases.  Lead Plaintiff alleged in the Action that Defendants made misstatements and omissions to investors about certain of Myriad's key products, which caused the price of Myriad common stock to be artificially inflated during the Class Period and caused damages to investors when they ultimately learned the truth about Defendants' prior misrepresentations.

12.    The Action was commenced on September 27, 2019.  On December 23, 2019, the Court appointed Los Angeles Fire and Police Pensions as Lead Plaintiff in the Action and approved Los Angeles's selection of BLB&G as Lead Counsel.

13.    On February 21, 2020, Lead Plaintiff filed the Amended Class Action Complaint (the "Complaint") alleging violations of Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act"), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, claiming that Defendants defrauded investors in Myriad common stock through their misrepresentations about two of Myriad's most significant products during the Class Period, a pharmacogenomic test called GeneSight and genetic tests for hereditary cancer.   The Complaint alleged that Defendants made false and misleading statements concerning GeneSight's efficacy, including concerning: (1) the test's ability to predict patient response to medications used to treat Attention Deficit Disorder ("ADHD") and pain; (2) the results of a clinical study of the GeneSight product in patients with major depressive disorder, called the GUIDED study; (3) the Company's efforts to publish data from the GUIDED study; and (4) Myriad's interactions with the FDA concerning GeneSight.  The Complaint also alleged that Defendants materially overstated Myriad's revenue attributable to its hereditary cancer tests.  The Complaint further alleged that investors learned the truth about Defendants' misrepresentations through various corrective disclosures, including, without limitation, on August 13, 2019, when Myriad announced the withdrawal of components of GeneSight and that "the FDA [had] requested changes to the GeneSight test offering"; on November 4, 2019, when Myriad revealed that it had overstated revenue attributable to its hereditary cancer tests and announced further declines in GeneSight revenue; and on February 6, 2020, when Myriad announced the resignation of its CEO, Defendant Mark C. Capone, and that Myriad was experiencing challenges in obtaining payor reimbursement for GeneSight.

14.    The Complaint further asserted claims under Section 20A of the Exchange Act for insider trading against Defendants Capone and Riggsbee.  Specifically, the Complaint asserted that Defendants Capone and Riggsbee sold Myriad stock while in possession of material non-public information concerning GeneSight and the hereditary cancer tests, and that Lead Plaintiff and members of the Class purchased Myriad stock contemporaneously with those sales.

15.    On May 5, 2020, Defendants filed a motion to dismiss the Complaint (the "Motion to Dismiss").  On March 16, 2021, the Court entered its Memorandum Decision and Order denying Defendants' Motion to Dismiss.  On May 17, 2021, Defendants filed their Answer to the Complaint.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

5

16.    Fact Discovery commenced on March 16, 2021.  Pursuant to detailed document requests and substantial negotiations, Defendants and third parties produced nearly half a million documents, totaling more than 1.7 million pages, to Lead Plaintiff.  Lead Plaintiff produced thousands of pages worth of documents to Defendants. Lead Plaintiff also served subpoenas on and negotiated document discovery with 36 third parties, including the United States Food and Drug Administration.  In addition, Lead Plaintiff deposed 22 fact witnesses, including Defendants Capone, Dechairo, and Riggsbee, other senior Company executives and scientists, and significant third-party witnesses.  In addition, Lead Plaintiff's representative appeared for a full-day deposition noticed by Defendants.  The Parties also served and responded to interrogatories and requests for admission and exchanged numerous letters, including disputes between the Parties and with nonparties, concerning discovery issues. While the Parties were able to resolve many of those disputes, several were raised to the Court, and in certain instances the Court conducted hearings on those disputes.

17.    On June 7, 2021, while discovery was ongoing, Lead Plaintiff filed its motion for class certification (the "Class Certification Motion").  On December 13, 2021, the Court entered its Memorandum Decision and Order granting Lead Plaintiff's Class Certification Motion (the "Class Certification Order").  The Class Certification Order certified the Class as defined under ¶ 24 below; appointed Los Angeles as Class Representative; and appointed BLB&G as Class Counsel in the Action.

18.    Beginning on March 15, 2022, the Class Notice was mailed to potential Class Members.  The Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the deadline and procedures for doing so.  The Class Notice informed Class Members that they may not have another opportunity to seek exclusion from the Class at the time of any settlement or judgment in the Action, and the Class Notice may be their only chance to opt out of the lawsuit.  The Class Notice also informed Class Members that if they chose to stay in the lawsuit as a member of the Class, they would "be bound by any settlement or judgment in this Action," including "any unfavorable judgment which may be rendered in favor of Defendants."  The deadline for requesting exclusion from the Class pursuant to the Class Notice was May 16, 2022.  A list of the persons and entities who requested exclusion pursuant to the Class Notice is available at www.MyriadGeneticsSecuritiesLitigation.com.

19.    Pursuant to the Court-ordered schedule, the Parties were due to exchange opening expert reports on June 15, 2023.  Lead Plaintiff obtained, and was prepared to serve, reports authored by five prominent experts in the fields of psychiatry, pharmacogenomics, statistics, financial economics, and accounting.  Defendants also engaged several experts and were prepared to serve an opening report.

20.    In February 2023, the Parties agreed to engage in private mediation in an attempt to resolve the Action and retained former United States District Court Judge Layn R. Phillips and Michelle Yoshida to act as mediators (the "Mediators").  On May 1, 2023, Lead Counsel and Defendants' Counsel participated in a full-day mediation session before the Mediators.  In advance of that session, the Parties submitted detailed opening and reply mediation statements to the Mediators, together with numerous supporting exhibits, which addressed both liability and damages issues.  The session ended without any agreement being reached.  The Parties continued discussions with the Mediators following the session exploring the possibility of a settlement.

21.    After additional negotiations, the Mediators issued a joint mediators' recommendation to settle the Action, which both Parties accepted on a "double blind" basis on June 19, 2023.  The Parties thereafter negotiated a term sheet to memorialize their agreement-in-principle to settle the Action, which was executed by the Parties on July 3, 2023 (the "Term Sheet").  The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims against Defendants in the Action in return for $77,500,000 in total settlement value—with at least $20,000,000 paid in cash and the remainder paid in either additional cash or

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

6

shares of freely-tradeable Myriad common stock—subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

22.   After additional negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on August 3, 2023. The Stipulation, which reflects the final and binding agreement between the Parties on the terms and conditions of the Settlement, can be viewed at www.MyriadGeneticsSecuritiesLitigation.com.

23.   On [_____], 2023, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?**

---

24.   If you are a member of the Class, you are subject to the Settlement.  The Class means the class certified by the Court's Order dated December 13, 2021.  The Class consists:

> All persons who purchased or acquired Myriad common stock from August 9, 2017 until February 6, 2020, inclusive (the "Class Period"), and were damaged thereby.

Excluded from the Class by definition are: (a) Defendants; (b) any current or former officers or directors of Myriad; (c) the immediate family members of any Defendant or any current or former officer or director of Myriad; and (d) any entity that any Defendant owns or controls or owned or controlled during the Class Period. Also excluded from the Class are all persons and entities who excluded themselves by submitting a request for exclusion from the Class pursuant to the Class Notice.  A list of all persons and entities who submitted a request for exclusion from the Class pursuant to the Class Notice is available at www.MyriadGeneticsSecuritiesLitigation.com.

**PLEASE NOTE:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice, and the required supporting documentation as set forth in the Claim Form, *postmarked* (if mailed), or *submitted online* through the case website, www.MyriadGeneticsSecuritiesLitigation.com, no later than [_____], 2023.**

---

**WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?**

---

25.   Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages.   For example, those risks include challenges in establishing that Defendants' statements about GeneSight and its hereditary cancer tests—statements involving complex scientific facts or the application of complex accounting rules—were false or misleading and that the Individual Defendants knew that the statements were false or were reckless in making them.   Defendants have contended—and would have contended at summary judgment or trial—that their statements were neither false nor misleading and were supported by contemporaneous facts.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

7

26.   Lead Plaintiff also faced further risks relating to proof of loss causation and damages.  Defendants would have contended that Lead Plaintiff could not establish a causal connection between the alleged misrepresentations and several of the alleged corrective disclosures that Lead Plaintiff contended caused investors' losses allegedly suffered, as required by law.  If Defendants had succeeded on one or more of their loss causation and damages arguments, even if Lead Plaintiff had established liability for its securities fraud claims, the recoverable damages could have been substantially less than the amount provided in the Settlement or even zero.

27.   In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $77,500,000 (in cash and Settlement Shares, less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, and not until after summary judgment, trial, and appeals, possibly years in the future.

28.   Defendants have denied the claims asserted against them in the Action and deny that the Class was harmed or suffered any damages as a result of the conduct alleged in the Action.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29.   If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor the other Class Members would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE SETTLEMENT?

30.   As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf as provided in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31.   If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

32.   If you are a Class Member, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims in the Action against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims (as defined in ¶ 33 below) against Defendants and the other Defendants'

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

8

Releasees (as defined in ¶ 34 below), and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against the Defendants' Releasees.

33.   "Released Plaintiff's Claims" means, to the fullest extent that the law permits their release, of and from all claims, suits, actions, appeals, causes of action, allegations, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by Plaintiff or all Class Members, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common or foreign law, including known claims and Unknown Claims, that are based upon, arise from, or relate to (a) the purchase, acquisition, or trading of any Myriad common stock during the Class Period; and (b) the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint or any other complaints filed in this Action. Released Plaintiff's Claims do not cover, include, or release: (i) claims asserted in any ERISA or derivative action, including without limitation the claims asserted in *In re Myriad Genetics, Inc. Stockholder Derivative Litigation*, C.A. No. 2021-0686-SG (Del. Ch.) and *Marcey v. Capone*, 2021-cv-01320 (D. Del.), or any cases consolidated into those actions; (ii) claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged in the Action; (iii) claims relating to the enforcement of the Settlement; or (iv) claims of the persons and entities who submitted a request for exclusion from the Class in connection with the Class Notice (as set forth in Appendix 1 to the Stipulation) ("Excluded Plaintiff's Claims").

34.   "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their immediate family, marital communities, or any trusts for which any of them are trustees, settlers, or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively.

35.   "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

9

Lead Plaintiff, any Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or, if applicable, the Alternate Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

36. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims (as defined in ¶ 37 below) against Lead Plaintiff and the other Plaintiff's Releasees (as defined in ¶ 38 below), and will forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against the Plaintiff's Releasees.

37. " Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) claims relating to the enforcement of the Settlement; or (ii) claims against the persons and entities who submitted a request for exclusion from the Class in connection with the Class Notice (as set forth in Appendix 1 to the Stipulation) ("Excluded Defendants' Claims").

38. "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, all other Class Members, and Plaintiff's Counsel, and their respective current and former parents, affiliates, subsidiaries, controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their immediate family, marital communities, or any trusts for which any of them are trustees, settlers, or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively.

| **HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?** |
| --- |

39. To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked (if mailed), or *submitted online* at www.MyriadGeneticsSecuritiesLitigation.com, no later than [_____], 2023**. A Claim Form is included with this Notice, or you may obtain one from the case website, www.MyriadGeneticsSecuritiesLitigation.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 877-331-0728 or by emailing the Claims Administrator at

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

10

info@MyriadGeneticsSecuritiesLitigation.com.   **Please retain all records of your ownership of and transactions in Myriad common stock, as they will be needed to document your Claim.**  The Parties and Claims Administrator do not have information about your transactions in Myriad common stock.  If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

40.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

41.    Pursuant to the Settlement, Myriad has agreed to pay or caused to be paid $77,500,000 in total settlement value, with at least $20,000,000 being paid in cash and the remainder being paid either in either additional cash or Settlement Shares.[2]

42.    The "Settlement Amount" (that is, the Cash Settlement Amount plus the Settlement Shares), plus any interest earned thereon, is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund (including, as applicable, the net cash proceeds from the sale of any Class Settlement Shares, as well as accrued interest thereon, or the Class Settlement Shares themselves) less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

43.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

44.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

45.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

46.    Unless the Court otherwise orders, any Class Member who or which fails to submit a Claim Form *postmarked* **(if mailed),** *or submitted online,* **on or before [_____], 2023,** shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the

---

[2] The number of Settlement Shares that Myriad will issue will be calculated based on the Volume-Weighted Average Price of Myriad common stock for the ten consecutive trading days immediately preceding the date of the Settlement Hearing.  The Settlement Shares, less any Settlement Shares awarded to Plaintiff's Counsel as attorneys' fees, are referred to as the "Class Settlement Shares."  Pursuant to the Stipulation, Lead Counsel has the right to decide, in its sole discretion, whether to: (i) distribute the Class Settlement Shares to Class Members who submit Claims that are approved for payment by the Court ("Authorized Claimants") or (ii) sell all or any portion of the Class Settlement Shares and distribute the net cash proceeds from the sale of the shares to Authorized Claimants.  Please Note: Once the shares are issued, the value of the Class Settlement Shares may fluctuate.  No representation can be made as to what the value of the Class Settlement Shares will be at the time the shares are distributed or, if applicable, sold for the benefit of Class Members.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

11

Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Members releases, and will be barred and enjoined from prosecuting, the Released Plaintiff's Claims (as defined in ¶ 33 above) against the Defendants' Releasees (as defined in ¶ 34 above) whether or not such Class Member submits a Claim Form.

47. Participants in, and beneficiaries of, a Myriad employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Myriad common stock held through the ERISA Plan in any Claim Form that they submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Myriad common stock during the Class Period may be made by the plan's trustees.

48. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim Form.

49. Only Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that previously excluded themselves from the Class pursuant to request will not be eligible for a payment and should not submit Claim Forms. The only security that is included in the Settlement is publicly traded Myriad common stock.

50. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff. At the Settlement Hearing, Lead Plaintiff will request that the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

| **WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?** |
|---|

51. Plaintiff's Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Plaintiff's Counsel been paid for their litigation expenses. Lead Counsel will apply to the Court for an immediate award of attorneys' fees on behalf of all Plaintiff's Counsel in an amount not to exceed 19% of the Settlement Fund (in combination of cash and stock in the same proportion that the Cash Settlement Amount and the Settlement Shares comprise the Settlement Amount). At the same time, Lead Counsel also intends to apply for payment of Plaintiff's Counsel's Litigation Expenses from the Settlement Fund in an amount not to exceed $1,700,000, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Class, pursuant to the PSLRA. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Any award of attorneys' fees and Litigation Expenses, including any reimbursement of costs and expenses to Lead Plaintiff, will be paid from the Settlement Fund at the time of award by the Court and prior to allocation and payment to Authorized Claimants. *Class Members are not personally liable for any such fees or expenses.*

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

12

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

52.  **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

53.  **Please Note**:  The date and time of the Settlement Hearing may change without further written notice to the Class.  In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone, without further written notice to the Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the case website, www.MyriadGeneticsSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the case website, www.MyriadGeneticsSecuritiesLitigation.com.  If the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the case website, www.MyriadGeneticsSecuritiesLitigation.com.**

54.  The Settlement Hearing will be held on **[_____], 2023, at [__:__] [_].m.**, before the Honorable Jill N. Parrish, either in person at the United States District Court for the District of Utah, Orrin G. Hatch U.S. Courthouse, Courtroom 8.200, 351 South West Temple Street, Salt Lake City, UT 84101, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice against Defendants and granting the Releases specified and described in the Stipulation (and in this Notice); (c) to determine whether the terms and conditions of the issuance of the Settlement Shares, which shares are to be issued pursuant to the exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, are fair to all persons and entities to whom the shares will be issued; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to Class Members.

55.  Any Class Member may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Objections must be in writing.  To object, you must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Utah at the address set forth below **on or before [_____], 2023**.  You must also serve the papers on Lead Counsel and on Representative Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before [_____], 2023**.

Clerk's Office:                            United States District Court
District of Utah

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

13

|                                   | Orrin G. Hatch U.S. Courthouse<br>351 South West Temple Street<br>Salt Lake City, UT 84101 |
|---|---|
| Lead Counsel: | Bernstein Litowitz Berger & Grossmann LLP<br>Abe Alexander<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020 |
| Representative Defendants' Counsel: | Skadden, Arps, Slate, Meagher, and Flom LLP<br>Scott D. Musoff<br>One Manhattan West<br>New York, NY 10001 |

56.    Any objections, filings, and other submissions by the objecting Class Member must (a) identify the case name and case number, *In re Myriad Genetics, Inc. Securities Litigation*, Case Number 2:19-cv-00707-JNP-DBP (D. Utah); (b) state the name, address, and telephone number of the person or entity objecting; (c) be signed by the objector (even if the objector is represented by counsel); (d) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (e) include documents sufficient to provide membership in the Class, including documents showing the number of shares of Myriad common stock that the objecting Class Member (1) owned as of the opening of trading on August 9, 2017 and (2) purchased/acquired and/or sold during the period from August 9, 2017 until February 6, 2020, inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale transaction.  The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Lead Counsel is authorized to request from any objector additional transaction information or documentation regarding his, her, their, or its holdings and trading in Myriad common stock.

57.    You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you previously excluded yourself from the Class or if you are not a member of the Class.

58.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file a written objection in accordance with the procedures described above, unless the Court orders otherwise.

59.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, assuming you timely file a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Representative Defendants' Counsel at the addresses set forth in ¶ 55 above so that it is **received** on or before [_____], **2023**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number.  It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or videoconference, with or without the filing of written objections.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

60.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 55 above so that the notice is **received on or before [_____], 2023**.

61.    The Settlement Hearing may be adjourned by the Court without further written notice to the Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time of the hearing as stated in ¶ 53 above.

62.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval**.

| WHAT IF I BOUGHT MYRIAD COMMON STOCK ON SOMEONE ELSE'S BEHALF? |
|---|

63.    If, in connection with the Class Notice disseminated in or around March 2022, you previously provided the names and addresses of persons and entities on whose behalf you purchased or acquired Myriad common stock during the period from August 9, 2017 until February 6, 2020, inclusive, and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator, you need do nothing further at this time.  The Claims Administrator will mail a copy of this Settlement Notice and the Claim Form (the "Settlement Notice Packet") to the beneficial owners whose names and addresses were previously provided in connection with the Class Notices.

64.    If you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action.  If you elected this option, the Notice Administrator will forward the same number of Settlement Notice Packets to you to send to the beneficial owners.  You must mail the Settlement Notice Packets to the beneficial owners no later than seven (7) calendar days after your receipt of them.

65.    If you have additional name and address information, the name and address information of certain of your beneficial owners has changed, or if you need additional copies of the Settlement Notice Packet, or have not already provided information regarding persons and entities on whose behalf you purchased or acquired Myriad common stock during the period from August 9, 2017 until February 6, 2020, inclusive, you must, no later seven (7) calendar days after receipt of this Settlement Notice Packet, either: (i) send a list of the names, addresses, and, if available, email addresses of such beneficial owners to the Claims Administrator at Myriad Genetics Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217, in which event the Claims Administrator shall promptly mail the Settlement Notice Packet to such beneficial owners; or (ii) request from the Claims Administrator sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, which you must then mail to the beneficial owners no later seven (7) calendar days after receipt.  As stated above, if you have already provided this information in connection with the Class Notice, unless that information has changed (*e.g.*, the beneficial owner has changed address), it is unnecessary to provide such information again.

66.    Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

15

also be obtained from the case website, www.MyriadGeneticsSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 877-331-0728, or by emailing the Claims Administrator at info@MyriadGeneticsSecuritiesLitigation.com.

| **CAN I SEE THE COURT FILE?** |
| :---: |
| **WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |

67.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of Utah, Orrin G. Hatch United States Courthouse, 351 South West Temple Street, Salt Lake City, UT 84101.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the case website, www.MyriadGeneticsSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| Myriad Genetics Securities Litigation | and/or | Abe Alexander |
| :---: | :---: | :---: |
| c/o A.B. Data, Ltd. | | Bernstein Litowitz Berger & Grossmann LLP |
| P.O. Box 170500 | | 1251 Avenue of the Americas, 44th Floor |
| Milwaukee, WI 53217 | | New York, NY 10020 |
| | | |
| 877-331-0728 | | 1-800-380-8496 |
| info@MyriadGeneticsSecuritiesLitigation.com | | settlements@blbglaw.com |
| www.MyriadGeneticsSecuritiesLitigation.com | | |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS THIS SETTLEMENT OR THE CLAIM PROCESS.**

Dated: [_____], 2023

By Order of the Court
United States District Court
District of Utah

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

16

# APPENDIX A

## PROPOSED PLAN OF ALLOCATION

68.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who had economic losses as a result of the alleged violations of the federal securities laws.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

69.    In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Class Period (i.e., August 9, 2017 until February 6, 2020, inclusive), which had the effect of artificially inflating the price of Myriad common stock.  The estimated artificial inflation in Myriad common stock allegedly caused by Defendants' alleged misrepresentations and omissions is stated in Table A below.  The estimated artificial inflation takes into account price changes in Myriad common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, and adjusts for price changes attributable to market or industry factors.  Lead Plaintiff alleges that corrective information was released to the market which partially removed the artificial inflation from the price of Myriad common stock on November 1, 2018, January 7, 2019, August 14, 2019, November 5, 2019, and February 7, 2020.

70.    Recognized Loss Amounts under the Plan of Allocation are based primarily on the difference in the amount of alleged artificial inflation in the price of Myriad common stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase/acquisition price and sale price.  Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who or which purchased or otherwise acquired Myriad common stock prior to the first corrective disclosure on October 31, 2018, must have held his, her, their, or its shares of Myriad common stock through at least October 31, 2018.  A Class Member who or which purchased or otherwise acquired Myriad common stock from November 1, 2018 through February 6, 2020 must have held those shares through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Myriad common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS AND RECOGNIZED GAIN AMOUNTS

71.    Based on the formula stated below, a "Recognized Loss Amount" or "Recognized Gain Amount" will be calculated for each purchase or acquisition of Myriad common stock during the period from August 9, 2017 through and including February 6, 2020 that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount or Recognized Gain Amount calculates to a negative number or zero under the formula below, that number will be zero.

72.    For each share of Myriad common stock purchased or otherwise acquired during the period from August 9, 2017 through and including February 6, 2020, and:

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

17

(i)     sold at a loss[3] before November 1, 2018, a Recognized Loss Amount will be calculated, which will be $0.00.

(ii)    sold for a gain[4] before November 1, 2018, a Recognized Gain Amount will be calculated, which will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of sale as stated in Table A minus the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the sale price minus the purchase/acquisition price.

(iii)   sold at a loss from November 1, 2018 through and including February 6, 2020, a Recognized Loss Amount will be calculated, which will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A minus the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price minus the sale price.

(iv)    sold for a gain from November 1, 2018 through and including February 6, 2020, a Recognized Gain Amount will be calculated, which will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of sale as stated in Table A minus the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the sale price minus the purchase/acquisition price.

(v)     sold from February 7, 2020 through and including May 6, 2020, a Recognized Loss Amount will be calculated, which will be ***the least of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price minus the average closing price between February 7, 2020 and the date of sale as stated in Table B attached at the end of this Notice; or (iii) the purchase/acquisition price minus the sale price.

(vi)    held as of the close of trading on May 6, 2020, a Recognized Loss Amount will be calculated, which will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price minus $15.56.[5]

## **ADDITIONAL PROVISIONS**

73.   **Calculation of Claimant's "Recognized Claim":**   A Claimant's "Recognized Claim" will be the sum of his, her, their, or its Recognized Loss Amounts as calculated in ¶ 72 above *minus* the sum of his, her, their, or its Recognized Gain Amounts as calculated in ¶ 72 above.   If a Recognized Claim calculates to a negative number or zero, that number will be zero.

---

[3] "Sold at a loss" means the purchase/acquisition price is greater than the sale price.

[4] "Sold for a gain" means the purchase/acquisition price is less than or equal to the sale price.

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing price of Myriad common stock during the "90-day look-back period," February 7, 2020 through and including May 6, 2020. The mean (average) closing price for Myriad common stock during this 90-day look-back period was $15.56.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

18

74.  **LIFO Matching:**  If a Class Member made more than one purchase/acquisition or sale of Myriad common stock during the period from August 9, 2017 through and including May 6, 2020, all purchases/acquisitions and sales will be matched on a Last In, First Out ("LIFO") basis.  Under the LIFO methodology, sales of Myriad common stock will be matched first against the most recent prior purchases/acquisitions in reverse chronological order, and then against any holdings at the beginning of the Class Period.

75.  **"Purchase/Acquisition/Sale" Prices:**   For the purposes of calculations in ¶ 72 above, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

76.  **"Purchase/Acquisition/Sale" Dates:**  Purchases or acquisitions and sales of Myriad common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Myriad common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Myriad common stock for the calculation of a Claimant's Recognized Loss Amount or Recognized Gain Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Myriad common stock unless: (i) the donor or decedent purchased or otherwise acquired or sold such Myriad common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Myriad common stock.

77.  **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Myriad common stock.  The date of a "short sale" is deemed to be the date of sale of the Myriad common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount or Recognized Gain Amount on "short sales" and the purchases covering "short sales" is zero.

78.  **Common Stock Purchased/Sold Through the Exercise of Options:**   Option contracts are not securities eligible to participate in the Settlement.  With respect to Myriad common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

79.  **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, their, or its overall transactions in Myriad common stock during the Class Period.  For purposes of making this calculation, the Claims Administrator will determine the difference between: (i) the Claimant's Total Purchase Amount[6] and (ii) the sum of the Claimant's Total Sales Proceeds[7] and

---

[6] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of Myriad common stock purchased/acquired during the period from August 9, 2017 through and including February 6, 2020.

[7] The "Total Sales Proceeds" will be the total amount received (not deducting any fees, commissions, and taxes) for sales of Myriad common stock that was both purchased and sold by the Claimant during the period from August 9, 2017 through and including February 6, 2020.  The LIFO method as described in ¶ 74 above will be applied for matching sales to prior purchases/acquisitions.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

19

the Claimant's Holding Value.[8]  If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

80.   If a Claimant had a Market Gain with respect to his, her, their, or its overall transactions in Myriad common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, their, or its overall transactions in Myriad common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

81.   **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, their, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

82.   If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

83.   No cash payments for less than $10.00 will be made.  In the event of a distribution of Class Settlement Shares, no fractional Class Settlement Shares will be issued.

84.   After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks (and, as applicable, claim their Class Settlement Shares).  To the extent any monies (and/or Class Settlement Shares) remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds (and/or Class Settlement Shares) remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions (and claimed their initial Class Settlement Shares) and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks (and claimed their prior Class Settlement Shares) may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds (and/or Class Settlement Shares) remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

85.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's damages or consulting experts, Defendants, Defendants' Counsel,

---

[8] The Claims Administrator will ascribe a "Holding Value" of $21.02 to each share of Myriad common stock purchased/acquired during the period from August 9, 2017 through and including February 6, 2020 that was still held as of the close of trading on February 6, 2020.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

20

or any of the other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.  Class Members shall also release any and all claims arising out of, relating to, based upon, or in connection with the issuance, transfer, disposition, sale, or liquidation of the Settlement Shares made in accordance with the terms of the Stipulation.

86.   The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with its damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.MyriadGeneticsSecuritiesLitigation.com.

### TABLE A

### Estimated Artificial Inflation in Myriad Common Stock
### (August 9, 2017 through February 6, 2020)

| Transaction Date Range | Artificial Inflation Per Share |
|---|---|
| August 9, 2017 through November 1, 2017 | $9.20 |
| November 2, 2017 through October 31, 2018 | $20.71 |
| November 1, 2018 through January 3, 2019 | $13.96 |
| January 4, 2019 – January 6, 2019 | $15.03 |
| January 7, 2019 through February 5, 2019 | $10.78 |
| February 6, 2019 through May 7, 2019 | $14.40 |
| May 8, 2019 through July 31, 2019 | $16.10 |
| August 1, 2019 through August 13, 2019 | $31.90 |
| August 14, 2019 through November 4, 2019 | $12.97 |
| November 5, 2019 through February 6, 2020 | $2.37 |
| February 7, 2020 or later | $0.00 |

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

21

**TABLE B**

**90-Day Look-Back Table for Myriad Common Stock**
**(Average Closing Price:  February 7, 2020 – May 6, 2020)**

| Date | Average Closing Price from February 7, 2020 through Date | Date | Average Closing Price from February 7, 2020 through Date | Date | Average Closing Price from February 7, 2020 through Date |
|---|---|---|---|---|---|
| 2/7/2020 | $21.02 | 3/10/2020 | $18.39 | 4/8/2020 | $15.86 |
| 2/10/2020 | $20.42 | 3/11/2020 | $18.20 | 4/9/2020 | $15.84 |
| 2/11/2020 | $20.19 | 3/12/2020 | $17.97 | 4/13/2020 | $15.83 |
| 2/12/2020 | $20.13 | 3/13/2020 | $17.78 | 4/14/2020 | $15.82 |
| 2/13/2020 | $20.01 | 3/16/2020 | $17.52 | 4/15/2020 | $15.79 |
| 2/14/2020 | $19.91 | 3/17/2020 | $17.25 | 4/16/2020 | $15.76 |
| 2/18/2020 | $19.87 | 3/18/2020 | $16.99 | 4/17/2020 | $15.75 |
| 2/19/2020 | $19.89 | 3/19/2020 | $16.82 | 4/20/2020 | $15.74 |
| 2/20/2020 | $19.89 | 3/20/2020 | $16.68 | 4/21/2020 | $15.71 |
| 2/21/2020 | $19.86 | 3/23/2020 | $16.54 | 4/22/2020 | $15.68 |
| 2/24/2020 | $19.76 | 3/24/2020 | $16.46 | 4/23/2020 | $15.66 |
| 2/25/2020 | $19.61 | 3/25/2020 | $16.40 | 4/24/2020 | $15.64 |
| 2/26/2020 | $19.48 | 3/26/2020 | $16.35 | 4/27/2020 | $15.63 |
| 2/27/2020 | $19.32 | 3/27/2020 | $16.29 | 4/28/2020 | $15.62 |
| 2/28/2020 | $19.21 | 3/30/2020 | $16.24 | 4/29/2020 | $15.62 |
| 3/2/2020 | $19.14 | 3/31/2020 | $16.18 | 4/30/2020 | $15.62 |
| 3/3/2020 | $19.00 | 4/1/2020 | $16.10 | 5/1/2020 | $15.60 |
| 3/4/2020 | $18.92 | 4/2/2020 | $16.03 | 5/4/2020 | $15.60 |
| 3/5/2020 | $18.83 | 4/3/2020 | $15.94 | 5/5/2020 | $15.58 |
| 3/6/2020 | $18.71 | 4/6/2020 | $15.92 | 5/6/2020 | $15.56 |
| 3/9/2020 | $18.54 | 4/7/2020 | $15.90 | | |

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

22

# Exhibit A-2

Exhibit A-2

**Myriad Genetics Securities Litigation**
**Toll-Free Number:  877-331-0728**
**Email:  info@MyriadGeneticsSecuritiesLitigation.com**
**Website:  www.MyriadGeneticsSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it, together with the required supporting documentation, either by mail or online.

If you choose to submit by mail, you must send the Claim Form, together with the required supporting documentation, by First-Class Mail to the address below, and your mailing must be *postmarked* **no later than [_____], 2023**.

**Mail to:**

**Myriad Genetics Securities Litigation**
**c/o A.B. Data, Ltd.**
**P.O. Box 170500**
**Milwaukee, WI 53217**

If you chose to submit the Claim Form, together with the required supporting documentation, **online**, you must do so at **www.MyriadGeneticsSecuritiesLitigation.com, no later than [_____], 2023.**

Failure to submit your Claim Form by the date specified will subject your Claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **[__]** |
| **PART II – GENERAL INSTRUCTIONS** | **[__]** |
| **PART III – SCHEDULE OF TRANSACTIONS IN MYRIAD COMMON STOCK (NASDAQ: MYGN, CUSIP: 62855J104)** | **[__]** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **[__]** |

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

Page 1 of 10

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons must be provided.

Beneficial Owner's Name
First Name

Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name

Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g., Jones IRA*)

Entity Name (*if the Beneficial Owner is not an individual*)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City

State/Province

Zip Code

Foreign Postal Code (*if applicable*)

Foreign Country (*if applicable*)

Telephone Number (*Day*)

Telephone Number (*Evening*)

Email Address (*email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this Claim*):

**Type of Beneficial Owner:**
Specify one of the following:

☐ Individual(s)   ☐ Corporation   ☐ UGMA Custodian   ☐ IRA

☐ Partnership   ☐ Estate   ☐ Trust   ☐ Other (*describe*: _____)

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

## PART II – GENERAL INSTRUCTIONS

1. It is important that you completely read the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expense (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice.  The Settlement Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2. By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Settlement Notice.  If you are not a Class Member (*see* the definition of the Class on page [\_\_] of the Settlement Notice), do not submit a Claim Form.  **You may not, directly or indirectly, participate in the Settlement if you are not a Class Member.**  Thus, if you are excluded from the Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3. **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice or by such other plan of allocation as the Court approves.**

4. On the Schedule of Transactions in Part III of this Claim Form, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Myriad common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

5. **Please note**:  Only purchases or acquisitions of Myriad common stock from August 9, 2017 until February 6, 2020, inclusive, are potentially eligible under the Settlement and the proposed Plan of Allocation set forth in the Settlement Notice.  However, under the "90-day look-back period" (described in the Plan of Allocation), sales of Myriad common stock during the period from February 7, 2020 through and including May 6, 2020 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Myriad common stock set forth in the Schedule of Transactions in Part III.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Myriad common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.

7.      **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Myriad common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Myriad common stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares of Myriad common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.      **One Claim should be submitted for each separate legal entity or separately managed account.**  Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Myriad common stock made on behalf of a single beneficial owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Myriad common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing that you:

(a)      own(ed) the Myriad common stock you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

12.     The proceeds of the proposed Settlement, if approved, may include shares of Myriad common stock (the "Settlement Shares").  The Settlement Shares, less any Settlement Shares awarded to Plaintiff's Counsel as attorneys' fees, are referred to as the "Class Settlement Shares."  If Settlement Shares are issued, Lead Counsel has the right to decide, in its sole discretion, whether to: (i) sell all or any portion of the Class Settlement Shares and distribute the net cash proceeds from the sale of the shares to Claimants who submit claims that are approved for payment by the Court ("Authorized Claimants") or (ii) distribute the Class Settlement Shares to Authorized Claimants.  If distributed, the Class Settlement Shares will be posted electronically to the accounts of Authorized Claimants on the Direct Registration System ("DRS") maintained by Myriad's transfer agent.  A supplemental

request for information required to electronically post the Class Settlement Shares to an account on the DRS will be sent to Claimants if shares are to be distributed. Failure to provide the information requested may lead to forfeiture of the Class Settlement Shares to which you might otherwise be eligible.

13. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

14. Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

15. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. No cash payments for less than $10.00 will be made. In the event of a distribution of Settlement Shares, no fractional Settlement Shares will be issued.

16. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@MyriadGeneticsSecuritiesLitigation.com, or by toll-free phone at 877-331-0728, or you can visit the case website, www.MyriadGeneticsSecuritiesLitigation.com, where copies of the Claim Form and Settlement Notice are available for downloading.

17. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the case website at www.MyriadGeneticsSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@MyriadGeneticsSecuritiesLitigation.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** The *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission. **Do not assume that your file has been received until you receive that email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@MyriadGeneticsSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 877-331-0728.**

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

Page 5 of 10

## PART III – SCHEDULE OF TRANSACTIONS IN MYRIAD COMMON STOCK

The only eligible security is the common stock of Myriad Genetics, Inc. ("Myriad") (**Ticker: NASDAQ: MYGN, CUSIP: 62855J1045**).  Do not include information regarding securities other than Myriad common stock.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6, above.

| | |
|---|---|
| **1.  HOLDINGS AS OF AUGUST 9, 2017** – State the total number of shares of Myriad common stock held as of the opening of trading on August 9, 2017.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

**2.  PURCHASES/ACQUISITIONS FROM AUGUST 9, 2017 THROUGH MAY 6, 2020** – Separately list each and every purchase or acquisition (including free receipts) of Myriad common stock from after the opening of trading on August 9, 2017 through the close of trading on May 6, 2020.[1]  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3.  SALES FROM AUGUST 9, 2017 THROUGH MAY 6, 2020** – Separately list each and every sale or disposition (including free deliveries) of Myriad common stock from after the opening of trading on August 9, 2017 through the close of trading on May 6, 2020.  (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

---

[1] **Please note**: Information requested with respect to your purchases and acquisitions of Myriad common stock from February 7, 2020 through and including May 6, 2020 is needed in order to calculate your Claim; purchases and acquisitions during this period, however, are not eligible under the Settlement.  Only purchases or acquisitions of Myriad common stock from August 9, 2017 through and including February 6, 2020 are eligible under the Settlement and the proposed Plan of Allocation set forth in the Settlement Notice.

| | |
|---|---|
| **4. HOLDINGS AS OF MAY 6, 2020** – State the total number of shares of Myriad common stock held as of the close of trading on May 6, 2020.  (Must be documented.)  If none, write "zero" or "0." | Confirm Proof of Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.**

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [__] OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated August 3, 2023, without further action by anyone, upon the Effective Date of the Settlement, I, (we), on behalf of myself (ourselves) and my (our) (the Claimant(s)') heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.	that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for under the Settlement, and the terms of the Plan of Allocation;

2.	that the Claimant(s) is a (are) Class Member(s), as defined in the Settlement Notice, and is (are) not excluded by definition from the Class as set forth in the Settlement Notice;

3.	that I (we) own(ed) the Myriad common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another;

4.	that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.	that the Claimant(s) has (have) not submitted any other Claim covering the same purchases of Myriad common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6.	that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

7.	that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.	that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

9.	that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

Page 8 of 10

10.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the Claimant(s) is (are) exempt from backup withholding or (ii) the Claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the Claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                                    Date

_____

Print Claimant name here

_____

Signature of Joint Claimant, if any                                  Date

_____

Print Joint Claimant name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of Claimant          Date

_____

Print name of person signing on behalf of Claimant here

_____

Capacity of person signing on behalf of Claimant, if other than an individual, e.g., executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 10 on page [___] of this Claim Form.)

## <u>REMINDER CHECKLIST</u>

1. Sign the above release and certification.  If this Claim Form is being made on behalf of Joint Claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days of your submission.  Your Claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 877-331-0728.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, contact the Claims Administrator at the address below, by email at info@MyriadGeneticsSecuritiesLitigation.com, or by toll-free phone at 877-331-0728, or you may visit www.MyriadGeneticsSecuritiesLitigation.com.  DO NOT call Myriad or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST EITHER BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL **POSTMARKED NO LATER THAN [_____], 2023, OR SUBMITTED ONLINE AT WWW.MYRIADGENETICSSECURITIESLITIGATION.COM NO LATER THAN [_____], 2023**.  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

**Myriad Genetics Securities Litigation**
**c/o A.B. Data, Ltd.**
**P.O. Box 170500**
**Milwaukee, WI 53217**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before [_____], 2023, is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit A-3

Exhibit A-3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| IN RE MYRIAD GENETICS, INC. SECURITIES LITIGATION | Case No. 2:19-cv-00707-JNP-DBP |
| | District Judge Jill N. Parrish |

## SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** **All persons who purchased or acquired Myriad Genetics, Inc. ("Myriad") common stock from August 9, 2017 until February 6, 2020, inclusive (the "Class Period"), and were damaged thereby (the "Class").[1]**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Utah (the "Court"), that Lead Plaintiff Los Angeles Fire and Police Pensions ("Lead Plaintiff" or "Los Angeles"), on behalf of itself and the Court-certified Class in the above-captioned securities class action (the "Action"), and Defendants Myriad, Mark C. Capone, Bryan Riggsbee, and Bryan M. Dechairo (collectively, "Defendants") have reached a proposed settlement of the Action for $77,500,000 in total settlement value, with at least $20,000,000 paid in cash and the remainder paid in either additional cash or shares of freely-tradeable Myriad common stock (the "Settlement"). If approved, the Settlement will resolve all claims in the Action.

A hearing will be held on **[_____], 2023, at [__:__] [_].m.**, before the Honorable Jill N. Parrish, either in person at the United States District Court for the District of Utah, Orrin G. Hatch U.S. Courthouse, Courtroom 8.200, 351 South West Temple Street, Salt Lake City, UT 84101, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated August 3, 2023 (the "Stipulation") is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice against Defendants and granting the Releases specified and described in the Stipulation (and in the Settlement Notice); (c) to determine whether the terms and conditions of the issuance of the Settlement Shares, which shares are to be issued pursuant to the exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, are fair to all persons and entities to whom the shares will be issued; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and

---

[1] Certain persons and entities are excluded from the Class by definition and others are excluded pursuant to request. The full definition of the Class including a complete description of who is excluded from the Class is set forth in the full Settlement Notice referred to below.

reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Class, your rights will be affected by the Settlement, and you may be entitled to share in the Net Settlement Fund**.  If you have not yet received the full printed Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice") and the Proof of Claim and Release Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator by mail at Myriad Genetics Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217; by telephone at 877-331-0728; or by email at info@MyriadGeneticsSecuritiesLitigation.com.  Copies of the Settlement Notice and Claim Form can also be downloaded from the website for the Action, www.MyriadGeneticsSecuritiesLitigation.com.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* **(if mailed), or** *submitted online* **through the case website, www.MyriadGeneticsSecuritiesLitigation.com, no later than [_____], 2023**.  If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses, must be filed with the Court and delivered to Lead Counsel and Representative Defendants' Counsel such that they are *received* **no later than [_____], 2023**, in accordance with the instructions set forth in the Settlement Notice.

**Please do not contact the Court, the Clerk's office, Myriad, any other Defendants in the Action, or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed the Claims Administrator or Lead Counsel.**

Requests for the Settlement Notice and Claim Form should be made to:

Myriad Genetics Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 5321

877-331-0728
info@MyriadGeneticsSecuritiesLitigation.com
www.MyriadGeneticsSecuritiesLitigation.com

Inquiries, other than requests for the Settlement Notice and Claim Form, may be made to Lead Counsel:

Abe Alexander
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020

1-800-380-8496
settlements@blbglaw.com

BY ORDER OF THE COURT
United States District Court
District of Utah

# Exhibit B

**Exhibit B**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| IN RE MYRIAD GENETICS, INC. SECURITIES LITIGATION | Case No. 2:19-cv-00707-JNP-DBP<br><br>District Judge Jill N. Parrish |

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Myriad Genetics, Inc. Securities Litigation*, Case No. 2:19-cv-00707-JNP-DBP (the "Action");

WHEREAS, by Order dated December 13, 2021 (ECF No. 123), this Court certified the Action to proceed as a class action on behalf of following class (the "Class"): all persons who purchased or acquired Myriad Genetics, Inc. ("Myriad" or the "Company") common stock from August 9, 2017 until February 6, 2020, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class by definition are: (i) Defendants; (ii) any current or former officers or directors of Myriad; (iii) the immediate family members of any Defendant or any current or former officer or director of Myriad; and (iv) any entity that any Defendant owns or controls or owned or controlled during the Class Period. Also excluded from the Class are the persons and entities who requested exclusion from the Class in connection with the Class Notice, as listed in Appendix 1 to the Stipulation (defined below).

WHEREAS, the Court's December 13, 2021 Order also appointed Lead Plaintiff Los Angeles Fire and Police Pensions ("Lead Plaintiff") as Class Representative for the Class, and appointed Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel") as Class Counsel for the Class;

WHEREAS, by Order dated February 14, 2022, the Court approved the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (a) the Action pending against Defendants; (b) the Court's certification of the Action to proceed as a class action on behalf of the Class; (c) their right to request to be excluded from the Class; (d) the effect of remaining in the Class or requesting exclusion; and (e) the requirements for requesting exclusion (ECF No. 131) (the "Class Notice Order");

WHEREAS, pursuant to the Class Notice Order, the Class Notice was disseminated to potential Class Members who could be identified through reasonable effort (ECF No. 140);

WHEREAS, the Class Notice provided sufficient opportunity for those putative Class Members who wished to exclude themselves from the Class to do so;

WHEREAS, pursuant to the Class Notice, thirty (30) persons and entities requested exclusion from the Class. A list of the persons and entities who requested exclusion pursuant to the Class Notice is attached as Appendix 1 to the Stipulation;

WHEREAS, (a) Lead Plaintiff, on behalf of itself and the Court-certified Class; and (b) Defendants Myriad, Mark C. Capone, Bryan Dechairo, and R. Bryan Riggsbee (collectively, "Defendants") have entered into a Stipulation and Agreement of Settlement dated August 3, 2023 (the "Stipulation") that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated [_____], 2023 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil

Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Settlement; (d) scheduled a hearing regarding final approval of the Settlement; and (e) exercised its discretion under Rule 23(e)(4) of the Federal Rules of Civil Procedure to not require a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings;

WHEREAS, due and adequate notice of the Settlement has been given to the Class and the provisions of the Preliminary Approval Order as to notice were complied with;

WHEREAS, the Court conducted a hearing on [_____], 2023 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and (c) whether the terms and conditions of the issuance of the Settlement Shares, which shares may be issued pursuant to the exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933 (the "Securities Act"), are fair to all persons and entities to whom the shares will be issued; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on [_____], 2023; and (b) the Settlement Notice and the Summary Settlement Notice, both of which were filed with the Court on [_____], 2023.

3.    **Settlement Notice** – The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; and (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein or under this Judgment, based upon the contention or

proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.*, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Class Members are bound by this Judgment.

4.     **CAFA Notice** – Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA"). Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

5.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length and in good faith; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats Class Members equitably relative to each other. The

Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

8.      **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against the Defendants' Releasees.  This Release shall not apply to any of the Excluded Plaintiff's Claims; and

6

(b)      Without further action by anyone, and subject to paragraph 9 below, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against the Plaintiff's Releasees.   This Release shall not apply to any of the Excluded Defendants' Claims.

9.      Notwithstanding paragraphs 8(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10.      **<u>Settlement Shares</u>** – The Court, after holding the Settlement Hearing, hereby finds that: (a) the Settlement Shares are to be issued solely in exchange for bona fide outstanding claims; (b) all persons and entities to whom the Settlement Shares will be issued have had the right to appear at the Settlement Hearing; (c) the Settlement Hearing was open to all persons and entities to whom the Settlement Shares will be issued; (d) adequate notice has been given to all persons and entities to whom the Settlement Shares will be issued, and there have been no improper impediments to the appearance of such persons and entities at the Settlement Hearing; and (e) the terms and conditions of the issuance of the Settlement Shares pursuant to the terms of the Stipulation in exchange for the settlement and release of the Released Plaintiff's Claims against the Defendants' Releasees are fair to all persons and entities to whom the Settlement Shares will be issued.   The Court hereby acknowledges that it was advised prior to the

Settlement Hearing that, pursuant to the terms of the Stipulation, the Settlement Shares may be issued to the Class (and to Plaintiff's Counsel, as may be awarded by the Court) in reliance upon the exemption from registration provided by Section 3(a)(10) of the Securities Act, based on this Court's approval of the Settlement.  The Court hereby approves the procedural and substantive fairness to the Class Members of the terms and conditions of the exchange of the issuance of the Settlement Shares for the settlement and release of the Released Plaintiff's Claims against the Defendants' Releasees.  The Court finds that the Settlement Shares are freely tradable by non-affiliates of Myriad (or its Successor Entity) and the issuance of the Settlement Shares is exempt from registration under Section 3(a)(10) of the Securities Act, and Myriad (or its Successor Entity) may choose to distribute the Settlement Shares without registration and compliance with the prospectus delivery requirements of the U.S. securities laws.

11.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.    **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any

of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)      shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to the Stipulation and/or this Judgment to effectuate the protections from liability granted thereunder or hereunder or otherwise to enforce the terms of the Settlement.

13.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve a Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14.     Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Settlement.

16.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of

immediately prior to the execution of the Term Sheet on July 3, 2023, as provided in the Stipulation.

17.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.


SO ORDERED this _____ day of _____, 2023.


_____
The Honorable Jill N. Parrish
United States District Judge