# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| IN RE MYRIAD GENETICS, INC. SECURITIES LITIGATION | Case No. 2:19-cv-00707-JNP-DBP<br><br>District Judge Jill N. Parrish |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Myriad Genetics, Inc. Securities Litigation*, Case No. 2:19-cv-00707-JNP-DBP (the "Action");

WHEREAS, by Order dated December 13, 2021 (ECF No. 123), this Court certified the Action to proceed as a class action on behalf of following class (the "Class"): all persons who purchased or acquired Myriad Genetics, Inc. ("Myriad" or the "Company") common stock from August 9, 2017 until February 6, 2020, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class by definition are: (i) Defendants; (ii) any current or former officers or directors of Myriad; (iii) the immediate family members of any Defendant or any current or former officer or director of Myriad; and (iv) any entity that any Defendant owns or controls or owned or controlled during the Class Period. Also excluded from the Class are the persons and entities who requested exclusion from the Class in connection with the Class Notice, as listed in Appendix 1 to the Stipulation (defined below).

WHEREAS, the Court's December 13, 2021 Order also appointed Lead Plaintiff Los Angeles Fire and Police Pensions ("Lead Plaintiff") as Class Representative for the Class; and appointed Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel") as Class Counsel for the Class;

WHEREAS, by Order dated February 14, 2022, the Court approved the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (a) the Action pending against Defendants; (b) the Court's certification of the Action to proceed as a class action on behalf of the Class; (c) their right to request to be excluded from the Class; (d) the effect of remaining in the Class or requesting exclusion; and (e) the requirements for requesting exclusion (ECF No. 131) (the "Class Notice Order");

WHEREAS, pursuant to the Class Notice Order, the Class Notice was disseminated to potential Class Members who could be identified through reasonable effort (ECF No. 140);

WHEREAS, the Class Notice provided sufficient opportunity for those putative Class Members who wished to exclude themselves from the Class to do so;

WHEREAS, pursuant to the Class Notice, thirty (30) persons and entities requested exclusion from the Class.  A list of the persons and entities who requested exclusion pursuant to the Class Notice is attached as Appendix 1 to the Stipulation;

WHEREAS, (a) Lead Plaintiff, on behalf of itself and the Court-certified Class; and (b) Defendants Myriad, Mark C. Capone, Bryan Dechairo, and R. Bryan Riggsbee (collectively, "Defendants") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated August 3, 2023 (the "Stipulation") subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below. The Court finds probative that the Settlement was negotiated at arm's length under the oversight of experienced mediators.

3.      **Settlement Hearing** – The Court will hold a hearing (the "Settlement Hearing") on _____, 2023, at __:__ _.m., either in person at the United States District Court for the District of Utah, Orrin G. Hatch U.S. Courthouse, Courtroom 8.200, 351 S. West Temple Street, Salt Lake City, UT 84101, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on

the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice against Defendants and granting the Releases specified and described in the Stipulation; (c) to determine whether the terms and conditions of the issuance of the Settlement Shares, which shares are to be issued pursuant to the exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, are fair to all persons and entities to whom the shares will be issued; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraphs 5 and 6 of this Order.

4.      The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Class.  Any Class Member (or his, her, their, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the case website for any change in date, time, or format of the hearing.

5.       **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – A.B. Data, Ltd. ("A.B. Data") was previously retained to supervise and administer the distribution of the Class Notice and receive and process requests for exclusion from the Class.  Lead Counsel is now authorized to retain A.B. Data as the Claims Administrator to supervise and administer the notice procedures in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)       Beginning no later than fifteen (15) business days after the date of entry of this Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Settlement Notice Date"), A.B. Data shall cause a copy of the Settlement Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Settlement Notice Packet"), to be mailed by first-class mail to all potential Class Members who were previously mailed a copy of the Class Notice;

(b)       By no later than the Settlement Notice Date, A.B. Data shall post copies of the Settlement Notice and the Claim Form on the website previously established for the Action, www.MyriadGeneticsSecuritiesLitigation.com (the "Case Website");

(c)       By no later than ten (10) business days after the Settlement Notice Date, A.B. Data shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the *Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(d)     By no later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

6.      **Nominee Procedures** – In connection with the previously disseminated Class Notice, brokers and other nominees ("Nominees") who purchased or acquired Myriad common stock during the Class Period for the beneficial interest of persons or organizations other than themselves were directed to either: (a) request from A.B. Data sufficient copies of the Class Notice to forward to all such beneficial owners and then forward those Class Notices directly to all such beneficial owners; or (b) provide a list of the names and addresses of all such beneficial owners to A.B. Data.

(a)     For Nominees who chose the first option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), A.B. Data shall forward the same number of Settlement Notice Packets to such Nominees no later than the Settlement Notice Date, and the Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packets, mail the Settlement Notice Packets to their beneficial owners;

(b)     For Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to A.B. Data), A.B. Data shall, by no later than the Settlement Notice Date, mail a copy of the Settlement Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied.  Unless the Nominee purchased or acquired Myriad common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to A.B. Data, or is aware of a name or address change of one of its beneficial owners, such Nominees need not take any further action;

(c)     For Nominees that purchased or acquired Myriad common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to A.B. Data or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to A.B. Data, such Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packet, provide a list of the names, addresses and, if available, email addresses, of all such beneficial owners to A.B. Data, or shall request from A.B. Data sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of the Settlement Notice Packets from A.B. Data, mail to the beneficial owners; and

(d)     Upon full and timely compliance with this Order, Nominees who mail the Settlement Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing A.B. Data with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraphs 5 and 6 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably

calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing, and all other relevant deadlines, shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

8.   **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"), no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. By no later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

9.   **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless

the Court orders otherwise, all Claim Forms must be postmarked, or submitted online via the Case Website, no later than one hundred twenty (120) calendar days after the Settlement Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim and the subject matter of the Settlement.

10.     Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, their, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11.     Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, their, or its right to share in the Net Settlement Fund; (b) shall be forever barred from

participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 9 above.

12.    **No Second Opportunity to Request Exclusion From the Class** – In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class in connection with the Class Notice, the Court is exercising its discretion under Rule 23(e)(4) of the Federal Rules of Civil Procedure to not require a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings.

13.    **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice, by filing with the Court and delivering a notice of appearance to Lead Counsel and Representative Defendants' Counsel, at the addresses set forth in paragraph 14 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

14.     Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Representative Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| | |
|---|---|
| Lead Counsel: | Bernstein Litowitz Berger & Grossmann LLP<br>Abe Alexander<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020 |
| Representative Defendants' Counsel: | Skadden, Arps, Slate, Meagher, and Flom LLP<br>Scott D. Musoff<br>One Manhattan West<br>New York, NY 10001 |

15.     Any objections, filings, and other submissions by the objecting Class Member must (a) identify the case name and case number, *In re Myriad Genetics, Inc. Securities Litigation*, Case Number 2:19-cv-00707-JNP-DBP (D. Utah); (b) state the name, address, and telephone number of the person or entity objecting; (c) be signed by the objector (even if the objector is represented by counsel); (d) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the

Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (e) include documents sufficient to provide membership in the Class, including documents showing the number of shares of Myriad common stock that the objecting Class Member (1) owned as of the opening of trading on August 9, 2017 and (2) purchased/acquired and/or sold during the period from August 9, 2017 until February 6, 2020, inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale transaction.  The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Lead Counsel is authorized to request from any objector additional transaction information or documentation regarding his, her, their, or its holdings and trading in Myriad common stock.

16.    Any Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses must also file a notice of appearance with the Court and serve it on Lead Counsel and on Representative Defendants' Counsel at the addresses set forth in paragraph 14 above so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  It is within the Court's discretion

to allow appearances at the Settlement Hearing either in person or by telephone or video conference.

17.     Any Class Member who or which does not make his, her, their, or its objection in the manner provided herein shall be deemed to have waived his, her, their, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement, the Plan of Allocation, or the application for attorneys' fees and Litigation Expenses.

18.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff and all other Class Members from commencing or prosecuting any and all of the Released Plaintiff's Claims against the Defendants' Releasees.

19.     **Settlement Administration Fees and Expenses** – All Notice and Administration Costs, including the reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

20.     **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22.     **Plan of Allocation and Motion for Attorneys' Fees and Litigation Expenses** – Defendants' Releasees shall have no responsibility or liability for (i) the Plan of Allocation; (ii) any actions of the Escrow Agent; (iii) any distributions from the Net Settlement Fund; or (iv) any application for attorneys' fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiff.  The Court will consider the Plan of Allocation and any applications for attorneys' fees or Litigation Expenses separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action and Releases.  At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or payment of expenses shall be approved.

23.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on July 3, 2023, as provided in the Stipulation.

24.   **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)   shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

25.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

26.     **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2023.


_____
The Honorable Jill N. Parrish
United States District Judge

# Exhibit 1

Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| IN RE MYRIAD GENETICS, INC. SECURITIES LITIGATION | Case No. 2:19-cv-00707-JNP-DBP <br><br> District Judge Jill N. Parrish |

**NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:**   **All persons who purchased or acquired Myriad Genetics, Inc. ("Myriad" or the "Company") common stock from August 9, 2017 until February 6, 2020, inclusive (the "Class Period"), and were damaged thereby (the "Class").**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:**  This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Utah (the "Court").  Please be advised that Lead Plaintiff Los Angeles Fire and Police Pensions ("Lead Plaintiff" or "Los Angeles"), on behalf of itself and the Court-certified Class (as defined in ¶ 24 below), has reached a proposed settlement of the Action for $77,500,000 in total settlement value, with at least $20,000,000 paid in cash and the remainder paid in either additional cash or shares of freely-tradeable Myriad common stock (the "Settlement").  The terms and provisions of the Settlement are contained in the Stipulation and Agreement of Settlement dated August 3, 2023 (the "Stipulation").[1]

This Notice is directed to you in the belief that you may be a member of the Class.  If you do not meet the Class definition, or if you previously excluded yourself from the Class in connection with the Notice of Pendency of Class Action that was mailed to potential Class Members beginning in March 2022 (the "Class Notice"), this Notice does not apply to you.  A list of the persons and entities who requested exclusion from the Class pursuant to the Class Notice is available at www.MyriadGeneticsSecuritiesLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement.  If you are a Class Member, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's office, Myriad, the other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 67 below).**

1.    **Description of the Action and the Class:**  This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants Myriad, Mark C. Capone (Myriad's former President and Chief Executive Officer), Bryan Riggsbee (Myriad's Chief Financial

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.  The Stipulation is available at www.MyriadGeneticsSecuritiesLitigation.com.

Officer), and Bryan M. Dechairo (Myriad's former Executive Vice President of Clinical Development) (collectively, "Defendants") violated the federal securities laws by making false and misleading statements to investors about certain of Myriad's key products.  A more detailed description of the Action is set forth in ¶¶ 11-23 below.  The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 24 below.

2.  **Statement of the Class's Recovery**:  Subject to Court approval, Lead Plaintiff, on behalf of itself and the Class, has agreed to settle the Action in exchange for $77,500,000 in total settlement value (the "Settlement Amount"), with at least $20,000,000 being paid in cash and the remainder paid in either additional cash or shares of freely-tradeable Myriad common stock (the "Settlement Shares" and, together with the total amount paid in cash (the "Cash Settlement Amount"), the "Settlement Amount").  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court.  The proposed plan of allocation (the "Plan of Allocation") is set forth in Appendix A at the end of this Notice.  The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among eligible Class Members.

3.  **Estimate of Average Amount of Recovery Per Share**:  Based on Lead Plaintiff's damages expert's estimate of the number of shares of Myriad common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $1.22 per affected share of Myriad common stock.  Class Members should note, however, that the foregoing average recovery is only an estimate.  Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Myriad shares, and the total number and value of valid Claim Forms submitted.  Distributions to Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4.  **Average Amount of Damages Per Share**:  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any Class Members as a result of their conduct.

5.  **Attorneys' Fees and Expenses Sought**:  Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"), with Liaison Counsel Deiss Law PC (together, "Plaintiff's Counsel"), have been prosecuting the Action on a wholly contingent basis since its inception in 2019, have not received any payment of attorneys' fees for their representation of the Class, and have advanced the funds to pay expenses necessarily incurred to prosecute the Action.  Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 19% of the Settlement Fund (in combination of cash and stock in the same proportion that the Cash Settlement Amount and the Settlement Shares comprise the Settlement Amount).  In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $1,700,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.26 per affected share of Myriad common stock.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email
info@MyriadGeneticsSecuritiesLitigation.com

2

6.     **Identification of Attorneys' Representative:**  Lead Plaintiff and the Class are represented by Abe Alexander of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020; 1-800-380-8496; settlements@blbglaw.com.  Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Claims Administrator at: Myriad Genetics Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217; 877-331-0728; info@MyriadGeneticsSecuritiesLitigation.com; www.MyriadGeneticsSecuritiesLitigation.com.  **Please do not contact the Court regarding this Notice.**

7.     **Reasons for the Settlement:**  Lead Plaintiff's principal reason for entering into the Settlement is the substantial and certain recovery that the Settlement provides for the Class without the risk or the delays inherent in further litigation.  Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED* **(IF MAILED), OR** *SUBMITTED ONLINE*, **NO LATER THAN [_____], 2023.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 33 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 34 below), so it is in your interest to submit a Claim Form. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS** *RECEIVED* **NO LATER THAN [_____], 2023.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member. |
| **GO TO A HEARING ON [_____], 2023, AT [__:___] [__].M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS** *RECEIVED* **NO LATER THAN [_____], 2023.** | Filing a written objection and notice of intention to appear by [_____], 2023 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.   In the Court's discretion, the [_____], 2023 hearing may be conducted by telephone or video conference (*see* ¶¶ 53-54 below).  If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

3

| DO NOTHING. | If you are a Class Member and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a Class Member, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

These rights and options—and the deadlines to exercise them—are further explained in this Notice. **Please Note**: The date and time of the Settlement Hearing—currently scheduled for [_____], 2023, at [__:__] [_].m.—is subject to change without further notice to the Class.  It is also within the Court's discretion to hold the hearing in person or by video or telephonic conference.  If you plan to attend the hearing, you should check the case website, www.MyriadGeneticsSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? .......................................................................................... Page [__]
What Is This Case About? ............................................................................................. Page [__]
How Do I Know If I Am Affected By The Settlement?  Who Is Included In The Class? ... Page [__]
What Are Lead Plaintiff's Reasons For The Settlement? ............................................... Page [__]
What Might Happen If There Were No Settlement? ....................................................... Page [__]
How Are Class Members Affected By The Settlement? ................................................. Page [__]
How Do I Participate In The Settlement?  What Do I Need To Do? ............................... Page [__]
How Much Will My Payment Be? .................................................................................. Page [__]
What Payment Are The Attorneys For The Class Seeking?  How Will The Lawyers Be Paid? ... Page [__]
When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have
   To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? ... Page [__]
What If I Bought Myriad Common Stock On Someone Else's Behalf? ........................... Page [__]
Can I See The Court File?  Whom Should I Contact If I Have Questions? ..................... Page [__]
Appendix A – Proposed Plan of Allocation .................................................................. Page [__]

| WHY DID I GET THIS NOTICE? |
|---|

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or acquired Myriad common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the terms of the proposed Settlement of the Action and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email
info@MyriadGeneticsSecuritiesLitigation.com

4

Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 53-54 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| **WHAT IS THIS CASE ABOUT?** |
| --- |

11.    Myriad is a molecular diagnostic company that develops and markets genetic lab tests that screen for the presence of certain traits or diseases.  Lead Plaintiff alleged in the Action that Defendants made misstatements and omissions to investors about certain of Myriad's key products, which caused the price of Myriad common stock to be artificially inflated during the Class Period and caused damages to investors when they ultimately learned the truth about Defendants' prior misrepresentations.

12.    The Action was commenced on September 27, 2019.  On December 23, 2019, the Court appointed Los Angeles Fire and Police Pensions as Lead Plaintiff in the Action and approved Los Angeles's selection of BLB&G as Lead Counsel.

13.    On February 21, 2020, Lead Plaintiff filed the Amended Class Action Complaint (the "Complaint") alleging violations of Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act"), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, claiming that Defendants defrauded investors in Myriad common stock through their misrepresentations about two of Myriad's most significant products during the Class Period, a pharmacogenomic test called GeneSight and genetic tests for hereditary cancer.   The Complaint alleged that Defendants made false and misleading statements concerning GeneSight's efficacy, including concerning: (1) the test's ability to predict patient response to medications used to treat Attention Deficit Disorder ("ADHD") and pain; (2) the results of a clinical study of the GeneSight product in patients with major depressive disorder, called the GUIDED study; (3) the Company's efforts to publish data from the GUIDED study; and (4) Myriad's interactions with the FDA concerning GeneSight.  The Complaint also alleged that Defendants materially overstated Myriad's revenue attributable to its hereditary cancer tests.  The Complaint further alleged that investors learned the truth about Defendants' misrepresentations through various corrective disclosures, including, without limitation, on August 13, 2019, when Myriad announced the withdrawal of components of GeneSight and that "the FDA [had] requested changes to the GeneSight test offering"; on November 4, 2019, when Myriad revealed that it had overstated revenue attributable to its hereditary cancer tests and announced further declines in GeneSight revenue; and on February 6, 2020, when Myriad announced the resignation of its CEO, Defendant Mark C. Capone, and that Myriad was experiencing challenges in obtaining payor reimbursement for GeneSight.

14.    The Complaint further asserted claims under Section 20A of the Exchange Act for insider trading against Defendants Capone and Riggsbee.  Specifically, the Complaint asserted that Defendants Capone and Riggsbee sold Myriad stock while in possession of material non-public information concerning GeneSight and the hereditary cancer tests, and that Lead Plaintiff and members of the Class purchased Myriad stock contemporaneously with those sales.

15.    On May 5, 2020, Defendants filed a motion to dismiss the Complaint (the "Motion to Dismiss").  On March 16, 2021, the Court entered its Memorandum Decision and Order denying Defendants' Motion to Dismiss.  On May 17, 2021, Defendants filed their Answer to the Complaint.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

5

16.    Fact Discovery commenced on March 16, 2021.  Pursuant to detailed document requests and substantial negotiations, Defendants and third parties produced nearly half a million documents, totaling more than 1.7 million pages, to Lead Plaintiff.  Lead Plaintiff produced thousands of pages worth of documents to Defendants.  Lead Plaintiff also served subpoenas on and negotiated document discovery with 36 third parties, including the United States Food and Drug Administration.  In addition, Lead Plaintiff deposed 22 fact witnesses, including Defendants Capone, Dechairo, and Riggsbee, other senior Company executives and scientists, and significant third-party witnesses.  In addition, Lead Plaintiff's representative appeared for a full-day deposition noticed by Defendants.  The Parties also served and responded to interrogatories and requests for admission and exchanged numerous letters, including disputes between the Parties and with nonparties, concerning discovery issues.  While the Parties were able to resolve many of those disputes, several were raised to the Court, and in certain instances the Court conducted hearings on those disputes.

17.    On June 7, 2021, while discovery was ongoing, Lead Plaintiff filed its motion for class certification (the "Class Certification Motion").  On December 13, 2021, the Court entered its Memorandum Decision and Order granting Lead Plaintiff's Class Certification Motion (the "Class Certification Order").  The Class Certification Order certified the Class as defined under ¶ 24 below; appointed Los Angeles as Class Representative; and appointed BLB&G as Class Counsel in the Action.

18.    Beginning on March 15, 2022, the Class Notice was mailed to potential Class Members.  The Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the deadline and procedures for doing so.  The Class Notice informed Class Members that they may not have another opportunity to seek exclusion from the Class at the time of any settlement or judgment in the Action, and the Class Notice may be their only chance to opt out of the lawsuit.  The Class Notice also informed Class Members that if they chose to stay in the lawsuit as a member of the Class, they would "be bound by any settlement or judgment in this Action," including "any unfavorable judgment which may be rendered in favor of Defendants."  The deadline for requesting exclusion from the Class pursuant to the Class Notice was May 16, 2022.  A list of the persons and entities who requested exclusion pursuant to the Class Notice is available at www.MyriadGeneticsSecuritiesLitigation.com.

19.    Pursuant to the Court-ordered schedule, the Parties were due to exchange opening expert reports on June 15, 2023.  Lead Plaintiff obtained, and was prepared to serve, reports authored by five prominent experts in the fields of psychiatry, pharmacogenomics, statistics, financial economics, and accounting.  Defendants also engaged several experts and were prepared to serve an opening report.

20.    In February 2023, the Parties agreed to engage in private mediation in an attempt to resolve the Action and retained former United States District Court Judge Layn R. Phillips and Michelle Yoshida to act as mediators (the "Mediators").  On May 1, 2023, Lead Counsel and Defendants' Counsel participated in a full-day mediation session before the Mediators.  In advance of that session, the Parties submitted detailed opening and reply mediation statements to the Mediators, together with numerous supporting exhibits, which addressed both liability and damages issues.  The session ended without any agreement being reached.  The Parties continued discussions with the Mediators following the session exploring the possibility of a settlement.

21.    After additional negotiations, the Mediators issued a joint mediators' recommendation to settle the Action, which both Parties accepted on a "double blind" basis on June 19, 2023.  The Parties thereafter negotiated a term sheet to memorialize their agreement-in-principle to settle the Action, which was executed by the Parties on July 3, 2023 (the "Term Sheet").  The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims against Defendants in the Action in return for $77,500,000 in total settlement value—with at least $20,000,000 paid in cash and the remainder paid in either additional cash or

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

6

shares of freely-tradeable Myriad common stock—subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

22.   After additional negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on August 3, 2023. The Stipulation, which reflects the final and binding agreement between the Parties on the terms and conditions of the Settlement, can be viewed at www.MyriadGeneticsSecuritiesLitigation.com.

23.   On [_____], 2023, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

---

24.   If you are a member of the Class, you are subject to the Settlement.  The Class means the class certified by the Court's Order dated December 13, 2021.  The Class consists:

> All persons who purchased or acquired Myriad common stock from August 9, 2017 until February 6, 2020, inclusive (the "Class Period"), and were damaged thereby.

Excluded from the Class by definition are: (a) Defendants; (b) any current or former officers or directors of Myriad; (c) the immediate family members of any Defendant or any current or former officer or director of Myriad; and (d) any entity that any Defendant owns or controls or owned or controlled during the Class Period. Also excluded from the Class are all persons and entities who excluded themselves by submitting a request for exclusion from the Class pursuant to the Class Notice.  A list of all persons and entities who submitted a request for exclusion from the Class pursuant to the Class Notice is available at www.MyriadGeneticsSecuritiesLitigation.com.

**PLEASE NOTE:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice, and the required supporting documentation as set forth in the Claim Form, *postmarked* (if mailed), or *submitted online* through the case website, www.MyriadGeneticsSecuritiesLitigation.com, no later than [_____], 2023.**

---

### WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

---

25.   Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages.  For example, those risks include challenges in establishing that Defendants' statements about GeneSight and its hereditary cancer tests—statements involving complex scientific facts or the application of complex accounting rules—were false or misleading and that the Individual Defendants knew that the statements were false or were reckless in making them.  Defendants have contended—and would have contended at summary judgment or trial—that their statements were neither false nor misleading and were supported by contemporaneous facts.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

7

26.   Lead Plaintiff also faced further risks relating to proof of loss causation and damages.  Defendants would have contended that Lead Plaintiff could not establish a causal connection between the alleged misrepresentations and several of the alleged corrective disclosures that Lead Plaintiff contended caused investors' losses allegedly suffered, as required by law.  If Defendants had succeeded on one or more of their loss causation and damages arguments, even if Lead Plaintiff had established liability for its securities fraud claims, the recoverable damages could have been substantially less than the amount provided in the Settlement or even zero.

27.   In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $77,500,000 (in cash and Settlement Shares, less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, and not until after summary judgment, trial, and appeals, possibly years in the future.

28.   Defendants have denied the claims asserted against them in the Action and deny that the Class was harmed or suffered any damages as a result of the conduct alleged in the Action.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29.   If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor the other Class Members would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE SETTLEMENT?

30.   As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf as provided in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31.   If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

32.   If you are a Class Member, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims in the Action against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims (as defined in ¶ 33 below) against Defendants and the other Defendants'

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

8

Releasees (as defined in ¶ 34 below), and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against the Defendants' Releasees.

33. "Released Plaintiff's Claims" means, to the fullest extent that the law permits their release, of and from all claims, suits, actions, appeals, causes of action, allegations, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by Plaintiff or all Class Members, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common or foreign law, including known claims and Unknown Claims, that are based upon, arise from, or relate to (a) the purchase, acquisition, or trading of any Myriad common stock during the Class Period; and (b) the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint or any other complaints filed in this Action. Released Plaintiff's Claims do not cover, include, or release: (i) claims asserted in any ERISA or derivative action, including without limitation the claims asserted in *In re Myriad Genetics, Inc. Stockholder Derivative Litigation*, C.A. No. 2021-0686-SG (Del. Ch.) and *Marcey v. Capone*, 2021-cv-01320 (D. Del.), or any cases consolidated into those actions; (ii) claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged in the Action; (iii) claims relating to the enforcement of the Settlement; or (iv) claims of the persons and entities who submitted a request for exclusion from the Class in connection with the Class Notice (as set forth in Appendix 1 to the Stipulation) ("Excluded Plaintiff's Claims").

34. "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their immediate family, marital communities, or any trusts for which any of them are trustees, settlers, or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively.

35. "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

9

Lead Plaintiff, any Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or, if applicable, the Alternate Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

36.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims (as defined in ¶ 37 below) against Lead Plaintiff and the other Plaintiff's Releasees (as defined in ¶ 38 below), and will forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against the Plaintiff's Releasees.

37.    " Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) claims relating to the enforcement of the Settlement; or (ii) claims against the persons and entities who submitted a request for exclusion from the Class in connection with the Class Notice (as set forth in Appendix 1 to the Stipulation) ("Excluded Defendants' Claims").

38.    "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, all other Class Members, and Plaintiff's Counsel, and their respective current and former parents, affiliates, subsidiaries, controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their immediate family, marital communities, or any trusts for which any of them are trustees, settlers, or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively.

| **HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?** |
| --- |

39.    To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked (if mailed), or *submitted online*** at **www.MyriadGeneticsSecuritiesLitigation.com, no later than [_____], 2023**.    A Claim Form is included with this Notice, or you may obtain one from the case website, www.MyriadGeneticsSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 877-331-0728 or by emailing the Claims Administrator at

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email
info@MyriadGeneticsSecuritiesLitigation.com

10

info@MyriadGeneticsSecuritiesLitigation.com.   **Please retain all records of your ownership of and transactions in Myriad common stock, as they will be needed to document your Claim.**  The Parties and Claims Administrator do not have information about your transactions in Myriad common stock.  If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
| :---: |

40.   At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

41.   Pursuant to the Settlement, Myriad has agreed to pay or caused to be paid $77,500,000 in total settlement value, with at least $20,000,000 being paid in cash and the remainder being paid either in either additional cash or Settlement Shares.[2]

42.   The "Settlement Amount" (that is, the Cash Settlement Amount plus the Settlement Shares), plus any interest earned thereon, is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund (including, as applicable, the net cash proceeds from the sale of any Class Settlement Shares, as well as accrued interest thereon, or the Class Settlement Shares themselves) less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

43.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

44.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

45.   Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

46.   Unless the Court otherwise orders, any Class Member who or which fails to submit a Claim Form *postmarked* (if mailed), *or submitted online*, on or before [_____], 2023, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the

---

[2] The number of Settlement Shares that Myriad will issue will be calculated based on the Volume-Weighted Average Price of Myriad common stock for the ten consecutive trading days immediately preceding the date of the Settlement Hearing.  The Settlement Shares, less any Settlement Shares awarded to Plaintiff's Counsel as attorneys' fees, are referred to as the "Class Settlement Shares."  Pursuant to the Stipulation, Lead Counsel has the right to decide, in its sole discretion, whether to: (i) distribute the Class Settlement Shares to Class Members who submit Claims that are approved for payment by the Court ("Authorized Claimants") or (ii) sell all or any portion of the Class Settlement Shares and distribute the net cash proceeds from the sale of the shares to Authorized Claimants.  Please Note: Once the shares are issued, the value of the Class Settlement Shares may fluctuate.  No representation can be made as to what the value of the Class Settlement Shares will be at the time the shares are distributed or, if applicable, sold for the benefit of Class Members.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

11

Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.   This means that each Class Members releases, and will be barred and enjoined from prosecuting, the Released Plaintiff's Claims (as defined in ¶ 33 above) against the Defendants' Releasees (as defined in ¶ 34 above) whether or not such Class Member submits a Claim Form.

47.     Participants in, and beneficiaries of, a Myriad employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Myriad common stock held through the ERISA Plan in any Claim Form that they submit in this Action.   They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.   Claims based on any ERISA Plan's purchases or acquisitions of Myriad common stock during the Class Period may be made by the plan's trustees.

48.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim Form.

49.     Only Class Members will be eligible to share in the distribution of the Net Settlement Fund.   Persons and entities that are excluded from the Class by definition or that previously excluded themselves from the Class pursuant to request will not be eligible for a payment and should not submit Claim Forms.   The only security that is included in the Settlement is publicly traded Myriad common stock.

50.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff.   At the Settlement Hearing, Lead Plaintiff will request that the Court approve the Plan of Allocation.   The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

51.     Plaintiff's Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Plaintiff's Counsel been paid for their litigation expenses.   Lead Counsel will apply to the Court for an immediate award of attorneys' fees on behalf of all Plaintiff's Counsel in an amount not to exceed 19% of the Settlement Fund (in combination of cash and stock in the same proportion that the Cash Settlement Amount and the Settlement Shares comprise the Settlement Amount).   At the same time, Lead Counsel also intends to apply for payment of Plaintiff's Counsel's Litigation Expenses from the Settlement Fund in an amount not to exceed $1,700,000, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Class, pursuant to the PSLRA.   The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.   Any award of attorneys' fees and Litigation Expenses, including any reimbursement of costs and expenses to Lead Plaintiff, will be paid from the Settlement Fund at the time of award by the Court and prior to allocation and payment to Authorized Claimants.   *Class Members are not personally liable for any such fees or expenses.*

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

12

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

52.   **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

53.   **Please Note**:  The date and time of the Settlement Hearing may change without further written notice to the Class.  In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone, without further written notice to the Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the case website, www.MyriadGeneticsSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the case website, www.MyriadGeneticsSecuritiesLitigation.com.  If the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the case website, www.MyriadGeneticsSecuritiesLitigation.com.**

54.   The Settlement Hearing will be held on **[_____], 2023, at [__:__] [_].m.**, before the Honorable Jill N. Parrish, either in person at the United States District Court for the District of Utah, Orrin G. Hatch U.S. Courthouse, Courtroom 8.200, 351 South West Temple Street, Salt Lake City, UT 84101, or by telephone or video conference (in the discretion of the Court), for the following purposes:  (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice against Defendants and granting the Releases specified and described in the Stipulation (and in this Notice); (c) to determine whether the terms and conditions of the issuance of the Settlement Shares, which shares are to be issued pursuant to the exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, are fair to all persons and entities to whom the shares will be issued; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to Class Members.

55.   Any Class Member may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Objections must be in writing.  To object, you must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Utah at the address set forth below **on or before [_____], 2023**.  You must also serve the papers on Lead Counsel and on Representative Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before **[_____], 2023**.

Clerk's Office:                                              United States District Court
                                                                    District of Utah

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

13

|                                   | Orrin G. Hatch U.S. Courthouse<br>351 South West Temple Street<br>Salt Lake City, UT 84101 |
|-----------------------------------|-------------------------------------------------|
| Lead Counsel:                     | Bernstein Litowitz Berger & Grossmann LLP<br>Abe Alexander<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020 |
| Representative Defendants' Counsel: | Skadden, Arps, Slate, Meagher, and Flom LLP<br>Scott D. Musoff<br>One Manhattan West<br>New York, NY 10001 |

56.    Any objections, filings, and other submissions by the objecting Class Member must (a) identify the case name and case number, *In re Myriad Genetics, Inc. Securities Litigation*, Case Number 2:19-cv-00707-JNP-DBP (D. Utah); (b) state the name, address, and telephone number of the person or entity objecting; (c) be signed by the objector (even if the objector is represented by counsel); (d) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (e) include documents sufficient to provide membership in the Class, including documents showing the number of shares of Myriad common stock that the objecting Class Member (1) owned as of the opening of trading on August 9, 2017 and (2) purchased/acquired and/or sold during the period from August 9, 2017 until February 6, 2020, inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale transaction.  The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Lead Counsel is authorized to request from any objector additional transaction information or documentation regarding his, her, their, or its holdings and trading in Myriad common stock.

57.    You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you previously excluded yourself from the Class or if you are not a member of the Class.

58.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file a written objection in accordance with the procedures described above, unless the Court orders otherwise.

59.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, assuming you timely file a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Representative Defendants' Counsel at the addresses set forth in ¶ 55 above so that it is ***received*** on or before [_____], **2023**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number.  It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or videoconference, with or without the filing of written objections.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email
info@MyriadGeneticsSecuritiesLitigation.com

60.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 55 above so that the notice is *received* **on or before [_____], 2023**.

61.   The Settlement Hearing may be adjourned by the Court without further written notice to the Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time of the hearing as stated in ¶ 53 above.

62.   **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval**.

## WHAT IF I BOUGHT MYRIAD COMMON STOCK ON SOMEONE ELSE'S BEHALF?

63.   If, in connection with the Class Notice disseminated in or around March 2022, you previously provided the names and addresses of persons and entities on whose behalf you purchased or acquired Myriad common stock during the period from August 9, 2017 until February 6, 2020, inclusive, and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator, you need do nothing further at this time.  The Claims Administrator will mail a copy of this Settlement Notice and the Claim Form (the "Settlement Notice Packet") to the beneficial owners whose names and addresses were previously provided in connection with the Class Notices.

64.   If you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action.  If you elected this option, the Notice Administrator will forward the same number of Settlement Notice Packets to you to send to the beneficial owners.  You must mail the Settlement Notice Packets to the beneficial owners no later than seven (7) calendar days after your receipt of them.

65.   If you have additional name and address information, the name and address information of certain of your beneficial owners has changed, or if you need additional copies of the Settlement Notice Packet, or have not already provided information regarding persons and entities on whose behalf you purchased or acquired Myriad common stock during the period from August 9, 2017 until February 6, 2020, inclusive, you must, no later seven (7) calendar days after receipt of this Settlement Notice Packet, either: (i) send a list of the names, addresses, and, if available, email addresses of such beneficial owners to the Claims Administrator at Myriad Genetics Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217, in which event the Claims Administrator shall promptly mail the Settlement Notice Packet to such beneficial owners; or (ii) request from the Claims Administrator sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, which you must then mail to the beneficial owners no later seven (7) calendar days after receipt.  As stated above, if you have already provided this information in connection with the Class Notice, unless that information has changed (*e.g.*, the beneficial owner has changed address), it is unnecessary to provide such information again.

66.   Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

15

also be obtained from the case website, www.MyriadGeneticsSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 877-331-0728, or by emailing the Claims Administrator at info@MyriadGeneticsSecuritiesLitigation.com.

---

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

67.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of Utah, Orrin G. Hatch United States Courthouse, 351 South West Temple Street, Salt Lake City, UT 84101.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the case website, www.MyriadGeneticsSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| Myriad Genetics Securities Litigation | and/or | Abe Alexander |
|---|---|---|
| c/o A.B. Data, Ltd. | | Bernstein Litowitz Berger & Grossmann LLP |
| P.O. Box 170500 | | 1251 Avenue of the Americas, 44th Floor |
| Milwaukee, WI 53217 | | New York, NY 10020 |

877-331-0728

info@MyriadGeneticsSecuritiesLitigation.com

www.MyriadGeneticsSecuritiesLitigation.com

1-800-380-8496

settlements@blbglaw.com


**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS THIS SETTLEMENT OR THE CLAIM PROCESS.**

Dated: [_____], 2023

By Order of the Court
United States District Court
District of Utah

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

16

**APPENDIX A**

**PROPOSED PLAN OF ALLOCATION**

68.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who had economic losses as a result of the alleged violations of the federal securities laws.   The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.   Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.   The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

69.   In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Class Period (i.e., August 9, 2017 until February 6, 2020, inclusive), which had the effect of artificially inflating the price of Myriad common stock.   The estimated artificial inflation in Myriad common stock allegedly caused by Defendants' alleged misrepresentations and omissions is stated in Table A below. The estimated artificial inflation takes into account price changes in Myriad common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, and adjusts for price changes attributable to market or industry factors.   Lead Plaintiff alleges that corrective information was released to the market which partially removed the artificial inflation from the price of Myriad common stock on November 1, 2018, January 7, 2019, August 14, 2019, November 5, 2019, and February 7, 2020.

70.   Recognized Loss Amounts under the Plan of Allocation are based primarily on the difference in the amount of alleged artificial inflation in the price of Myriad common stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase/acquisition price and sale price. Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who or which purchased or otherwise acquired Myriad common stock prior to the first corrective disclosure on October 31, 2018, must have held his, her, their, or its shares of Myriad common stock through at least October 31, 2018.   A Class Member who or which purchased or otherwise acquired Myriad common stock from November 1, 2018 through February 6, 2020 must have held those shares through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Myriad common stock.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS AND RECOGNIZED GAIN AMOUNTS**

71.   Based on the formula stated below, a "Recognized Loss Amount" or "Recognized Gain Amount" will be calculated for each purchase or acquisition of Myriad common stock during the period from August 9, 2017 through and including February 6, 2020 that is listed on the Claim Form and for which adequate documentation is provided.   If a Recognized Loss Amount or Recognized Gain Amount calculates to a negative number or zero under the formula below, that number will be zero.

72.   For each share of Myriad common stock purchased or otherwise acquired during the period from August 9, 2017 through and including February 6, 2020, and:

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

17

(i)     sold at a loss[3] before November 1, 2018, a Recognized Loss Amount will be calculated, which will be $0.00.

(ii)    sold for a gain[4] before November 1, 2018, a Recognized Gain Amount will be calculated, which will be *the lesser of*: (i) the amount of artificial inflation per share on the date of sale as stated in Table A minus the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the sale price minus the purchase/acquisition price.

(iii)   sold at a loss from November 1, 2018 through and including February 6, 2020, a Recognized Loss Amount will be calculated, which will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A minus the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price minus the sale price.

(iv)   sold for a gain from November 1, 2018 through and including February 6, 2020, a Recognized Gain Amount will be calculated, which will be *the lesser of*: (i) the amount of artificial inflation per share on the date of sale as stated in Table A minus the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the sale price minus the purchase/acquisition price.

(v)    sold from February 7, 2020 through and including May 6, 2020, a Recognized Loss Amount will be calculated, which will be *the least of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price minus the average closing price between February 7, 2020 and the date of sale as stated in Table B attached at the end of this Notice; or (iii) the purchase/acquisition price minus the sale price.

(vi)   held as of the close of trading on May 6, 2020, a Recognized Loss Amount will be calculated, which will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price minus $15.56.[5]

## **ADDITIONAL PROVISIONS**

73.  **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, their, or its Recognized Loss Amounts as calculated in ¶ 72 above *minus* the sum of his, her, their, or its Recognized Gain Amounts as calculated in ¶ 72 above.  If a Recognized Claim calculates to a negative number or zero, that number will be zero.

---

[3] "Sold at a loss" means the purchase/acquisition price is greater than the sale price.

[4] "Sold for a gain" means the purchase/acquisition price is less than or equal to the sale price.

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing price of Myriad common stock during the "90-day look-back period," February 7, 2020 through and including May 6, 2020.  The mean (average) closing price for Myriad common stock during this 90-day look-back period was $15.56.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

18

74.  **LIFO Matching:**  If a Class Member made more than one purchase/acquisition or sale of Myriad common stock during the period from August 9, 2017 through and including May 6, 2020, all purchases/acquisitions and sales will be matched on a Last In, First Out ("LIFO") basis.  Under the LIFO methodology, sales of Myriad common stock will be matched first against the most recent prior purchases/acquisitions in reverse chronological order, and then against any holdings at the beginning of the Class Period.

75.  **"Purchase/Acquisition/Sale" Prices:**  For the purposes of calculations in ¶ 72 above, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

76.  **"Purchase/Acquisition/Sale" Dates:**  Purchases or acquisitions and sales of Myriad common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Myriad common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Myriad common stock for the calculation of a Claimant's Recognized Loss Amount or Recognized Gain Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Myriad common stock unless: (i) the donor or decedent purchased or otherwise acquired or sold such Myriad common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Myriad common stock.

77.  **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Myriad common stock.  The date of a "short sale" is deemed to be the date of sale of the Myriad common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount or Recognized Gain Amount on "short sales" and the purchases covering "short sales" is zero.

78.  **Common Stock Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement.  With respect to Myriad common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

79.  **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, their, or its overall transactions in Myriad common stock during the Class Period.  For purposes of making this calculation, the Claims Administrator will determine the difference between: (i) the Claimant's Total Purchase Amount[6] and (ii) the sum of the Claimant's Total Sales Proceeds[7] and

---

[6] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of Myriad common stock purchased/acquired during the period from August 9, 2017 through and including February 6, 2020.

[7] The "Total Sales Proceeds" will be the total amount received (not deducting any fees, commissions, and taxes) for sales of Myriad common stock that was both purchased and sold by the Claimant during the period from August 9, 2017 through and including February 6, 2020.  The LIFO method as described in ¶ 74 above will be applied for matching sales to prior purchases/acquisitions.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

19

the Claimant's Holding Value.[8]  If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

80.   If a Claimant had a Market Gain with respect to his, her, their, or its overall transactions in Myriad common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, their, or its overall transactions in Myriad common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

81.   **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, their, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

82.   If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

83.   No cash payments for less than $10.00 will be made.  In the event of a distribution of Class Settlement Shares, no fractional Class Settlement Shares will be issued.

84.   After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks (and, as applicable, claim their Class Settlement Shares).  To the extent any monies (and/or Class Settlement Shares) remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds (and/or Class Settlement Shares) remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions (and claimed their initial Class Settlement Shares) and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks (and claimed their prior Class Settlement Shares) may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds (and/or Class Settlement Shares) remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

85.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's damages or consulting experts, Defendants, Defendants' Counsel,

---

[8] The Claims Administrator will ascribe a "Holding Value" of $21.02 to each share of Myriad common stock purchased/acquired during the period from August 9, 2017 through and including February 6, 2020 that was still held as of the close of trading on February 6, 2020.

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

20

or any of the other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.  Class Members shall also release any and all claims arising out of, relating to, based upon, or in connection with the issuance, transfer, disposition, sale, or liquidation of the Settlement Shares made in accordance with the terms of the Stipulation.

   86.   The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with its damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.MyriadGeneticsSecuritiesLitigation.com.

### TABLE A

### Estimated Artificial Inflation in Myriad Common Stock
### (August 9, 2017 through February 6, 2020)

| Transaction Date Range | Artificial Inflation Per Share |
|---|---|
| August 9, 2017 through November 1, 2017 | $9.20 |
| November 2, 2017 through October 31, 2018 | $20.71 |
| November 1, 2018 through January 3, 2019 | $13.96 |
| January 4, 2019 – January 6, 2019 | $15.03 |
| January 7, 2019 through February 5, 2019 | $10.78 |
| February 6, 2019 through May 7, 2019 | $14.40 |
| May 8, 2019 through July 31, 2019 | $16.10 |
| August 1, 2019 through August 13, 2019 | $31.90 |
| August 14, 2019 through November 4, 2019 | $12.97 |
| November 5, 2019 through February 6, 2020 | $2.37 |
| February 7, 2020 or later | $0.00 |

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

21

**TABLE B**

**90-Day Look-Back Table for Myriad Common Stock**
**(Average Closing Price:  February 7, 2020 – May 6, 2020)**

| Date | Average Closing Price from February 7, 2020 through Date | Date | Average Closing Price from February 7, 2020 through Date | Date | Average Closing Price from February 7, 2020 through Date |
|---|---|---|---|---|---|
| 2/7/2020 | $21.02 | 3/10/2020 | $18.39 | 4/8/2020 | $15.86 |
| 2/10/2020 | $20.42 | 3/11/2020 | $18.20 | 4/9/2020 | $15.84 |
| 2/11/2020 | $20.19 | 3/12/2020 | $17.97 | 4/13/2020 | $15.83 |
| 2/12/2020 | $20.13 | 3/13/2020 | $17.78 | 4/14/2020 | $15.82 |
| 2/13/2020 | $20.01 | 3/16/2020 | $17.52 | 4/15/2020 | $15.79 |
| 2/14/2020 | $19.91 | 3/17/2020 | $17.25 | 4/16/2020 | $15.76 |
| 2/18/2020 | $19.87 | 3/18/2020 | $16.99 | 4/17/2020 | $15.75 |
| 2/19/2020 | $19.89 | 3/19/2020 | $16.82 | 4/20/2020 | $15.74 |
| 2/20/2020 | $19.89 | 3/20/2020 | $16.68 | 4/21/2020 | $15.71 |
| 2/21/2020 | $19.86 | 3/23/2020 | $16.54 | 4/22/2020 | $15.68 |
| 2/24/2020 | $19.76 | 3/24/2020 | $16.46 | 4/23/2020 | $15.66 |
| 2/25/2020 | $19.61 | 3/25/2020 | $16.40 | 4/24/2020 | $15.64 |
| 2/26/2020 | $19.48 | 3/26/2020 | $16.35 | 4/27/2020 | $15.63 |
| 2/27/2020 | $19.32 | 3/27/2020 | $16.29 | 4/28/2020 | $15.62 |
| 2/28/2020 | $19.21 | 3/30/2020 | $16.24 | 4/29/2020 | $15.62 |
| 3/2/2020 | $19.14 | 3/31/2020 | $16.18 | 4/30/2020 | $15.62 |
| 3/3/2020 | $19.00 | 4/1/2020 | $16.10 | 5/1/2020 | $15.60 |
| 3/4/2020 | $18.92 | 4/2/2020 | $16.03 | 5/4/2020 | $15.60 |
| 3/5/2020 | $18.83 | 4/3/2020 | $15.94 | 5/5/2020 | $15.58 |
| 3/6/2020 | $18.71 | 4/6/2020 | $15.92 | 5/6/2020 | $15.56 |
| 3/9/2020 | $18.54 | 4/7/2020 | $15.90 | | |

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

# Exhibit 2

**Exhibit 2**

**Myriad Genetics Securities Litigation**
**Toll-Free Number:  877-331-0728**
**Email:  info@MyriadGeneticsSecuritiesLitigation.com**
**Website:  www.MyriadGeneticsSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it, together with the required supporting documentation, either by mail or online.

If you choose to submit by mail, you must send the Claim Form, together with the required supporting documentation, by First-Class Mail to the address below, and your mailing must be *postmarked* **no later than [_____], 2023**.

**Mail to:**

**Myriad Genetics Securities Litigation**
**c/o A.B. Data, Ltd.**
**P.O. Box 170500**
**Milwaukee, WI 53217**

If you chose to submit the Claim Form, together with the required supporting documentation, **online**, you must do so at **www.MyriadGeneticsSecuritiesLitigation.com, no later than [_____], 2023.**

Failure to submit your Claim Form by the date specified will subject your Claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| **TABLE OF CONTENTS** | **PAGE #** |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **[__]** |
| **PART II – GENERAL INSTRUCTIONS** | **[__]** |
| **PART III – SCHEDULE OF TRANSACTIONS IN MYRIAD COMMON STOCK (NASDAQ: MYGN, CUSIP: 62855J104)** | **[__]** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **[__]** |

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

Page 1 of 10

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons must be provided.

Beneficial Owner's Name
First Name                                              Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                              Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g., Jones IRA*)

Entity Name (*if the Beneficial Owner is not an individual*)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City                                    State/Province   Zip Code

Foreign Postal Code (*if applicable*)          Foreign Country (*if applicable*)

Telephone Number (*Day*)                     Telephone Number (*Evening*)

Email Address (*email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this Claim*):

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)        ☐ Corporation        ☐ UGMA Custodian        ☐ IRA

☐ Partnership        ☐ Estate        ☐ Trust        ☐ Other (*describe*: _____ )

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expense (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice.  The Settlement Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Settlement Notice.  If you are not a Class Member (*see* the definition of the Class on page [__] of the Settlement Notice), do not submit a Claim Form.  **You may not, directly or indirectly, participate in the Settlement if you are not a Class Member.**  Thus, if you are excluded from the Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice or by such other plan of allocation as the Court approves.**

4.      On the Schedule of Transactions in Part III of this Claim Form, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Myriad common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

5.      **Please note**:  Only purchases or acquisitions of Myriad common stock from August 9, 2017 until February 6, 2020, inclusive, are potentially eligible under the Settlement and the proposed Plan of Allocation set forth in the Settlement Notice.  However, under the "90-day look-back period" (described in the Plan of Allocation), sales of Myriad common stock during the period from February 7, 2020 through and including May 6, 2020 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Myriad common stock set forth in the Schedule of Transactions in Part III.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Myriad common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.

7.      **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Myriad common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Myriad common stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares of Myriad common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.      **One Claim should be submitted for each separate legal entity or separately managed account.**  Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Myriad common stock made on behalf of a single beneficial owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Myriad common stock; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the Myriad common stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

12.     The proceeds of the proposed Settlement, if approved, may include shares of Myriad common stock (the "Settlement Shares").  The Settlement Shares, less any Settlement Shares awarded to Plaintiff's Counsel as attorneys' fees, are referred to as the "Class Settlement Shares."  If Settlement Shares are issued, Lead Counsel has the right to decide, in its sole discretion, whether to: (i) sell all or any portion of the Class Settlement Shares and distribute the net cash proceeds from the sale of the shares to Claimants who submit claims that are approved for payment by the Court ("Authorized Claimants") or (ii) distribute the Class Settlement Shares to Authorized Claimants.  If distributed, the Class Settlement Shares will be posted electronically to the accounts of Authorized Claimants on the Direct Registration System ("DRS") maintained by Myriad's transfer agent.  A supplemental

Questions? Call 877-331-0728, visit www.MyriadGeneticsSecuritiesLitigation.com, or email info@MyriadGeneticsSecuritiesLitigation.com

Page 4 of 10

request for information required to electronically post the Class Settlement Shares to an account on the DRS will be sent to Claimants if shares are to be distributed. Failure to provide the information requested may lead to forfeiture of the Class Settlement Shares to which you might otherwise be eligible.

13.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

14.     Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

15.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. No cash payments for less than $10.00 will be made. In the event of a distribution of Settlement Shares, no fractional Settlement Shares will be issued.

16.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@MyriadGeneticsSecuritiesLitigation.com, or by toll-free phone at 877-331-0728, or you can visit the case website, www.MyriadGeneticsSecuritiesLitigation.com, where copies of the Claim Form and Settlement Notice are available for downloading.

17.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the case website at www.MyriadGeneticsSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@MyriadGeneticsSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission.  **Do not assume that your file has been received until you receive that email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@MyriadGeneticsSecuritiesLitigation.com to inquire about your file and confirm it was received.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 877-331-0728.**

## PART III – SCHEDULE OF TRANSACTIONS IN MYRIAD COMMON STOCK

The only eligible security is the common stock of Myriad Genetics, Inc. ("Myriad") (**Ticker: NASDAQ: MYGN, CUSIP: 62855J1045**).  Do not include information regarding securities other than Myriad common stock.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6, above.

| | Confirm Proof of Position Enclosed |
|---|---|
| **1.  HOLDINGS AS OF AUGUST 9, 2017** – State the total number of shares of Myriad common stock held as of the opening of trading on August 9, 2017.  (Must be documented.)  If none, write "zero" or "0." _____ | ○ |

**2.  PURCHASES/ACQUISITIONS FROM AUGUST 9, 2017 THROUGH MAY 6, 2020** – Separately list each and every purchase or acquisition (including free receipts) of Myriad common stock from after the opening of trading on August 9, 2017 through the close of trading on May 6, 2020.[1]  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

**3.  SALES FROM AUGUST 9, 2017 THROUGH MAY 6, 2020** – Separately list each and every sale or disposition (including free deliveries) of Myriad common stock from after the opening of trading on August 9, 2017 through the close of trading on May 6, 2020.  (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

---

[1] **Please note**: Information requested with respect to your purchases and acquisitions of Myriad common stock from February 7, 2020 through and including May 6, 2020 is needed in order to calculate your Claim; purchases and acquisitions during this period, however, are not eligible under the Settlement.  Only purchases or acquisitions of Myriad common stock from August 9, 2017 through and including February 6, 2020 are eligible under the Settlement and the proposed Plan of Allocation set forth in the Settlement Notice.

| **4. HOLDINGS AS OF MAY 6, 2020** – State the total number of shares of Myriad common stock held as of the close of trading on May 6, 2020.  (Must be documented.)  If none, write "zero" or "0."<br><br>_____ | Confirm Proof of Position Enclosed<br><br>○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [___] OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated August 3, 2023, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the Claimant(s)') heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for under the Settlement, and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) Class Member(s), as defined in the Settlement Notice, and is (are) not excluded by definition from the Class as set forth in the Settlement Notice;

3.      that I (we) own(ed) the Myriad common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another;

4.      that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the Claimant(s) has (have) not submitted any other Claim covering the same purchases of Myriad common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

9.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the Claimant(s) is (are) exempt from backup withholding or (ii) the Claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the Claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                          Date

_____

Print Claimant name here

_____

Signature of Joint Claimant, if any                        Date

_____

Print Joint Claimant name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of Claimant              Date

_____

Print name of person signing on behalf of Claimant here

_____

Capacity of person signing on behalf of Claimant, if other than an individual, e.g., executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 10 on page [___] of this Claim Form.)

## REMINDER CHECKLIST

1. Sign the above release and certification.  If this Claim Form is being made on behalf of Joint Claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days of your submission.  Your Claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 877-331-0728.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, contact the Claims Administrator at the address below, by email at info@MyriadGeneticsSecuritiesLitigation.com, or by toll-free phone at 877-331-0728, or you may visit www.MyriadGeneticsSecuritiesLitigation.com.  DO NOT call Myriad or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST EITHER BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL **POSTMARKED NO LATER THAN [_____], 2023, OR SUBMITTED ONLINE AT WWW.MYRIADGENETICSSECURITIESLITIGATION.COM NO LATER THAN [_____], 2023**.  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

**Myriad Genetics Securities Litigation**
**c/o A.B. Data, Ltd.**
**P.O. Box 170500**
**Milwaukee, WI 53217**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before [_____], 2023, is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit 3

Exhibit 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| IN RE MYRIAD GENETICS, INC. SECURITIES LITIGATION | Case No. 2:19-cv-00707-JNP-DBP |
| | District Judge Jill N. Parrish |

### SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:**   **All persons who purchased or acquired Myriad Genetics, Inc. ("Myriad") common stock from August 9, 2017 until February 6, 2020, inclusive (the "Class Period"), and were damaged thereby (the "Class").**[1]

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Utah (the "Court"), that Lead Plaintiff Los Angeles Fire and Police Pensions ("Lead Plaintiff" or "Los Angeles"), on behalf of itself and the Court-certified Class in the above-captioned securities class action (the "Action"), and Defendants Myriad, Mark C. Capone, Bryan Riggsbee, and Bryan M. Dechairo (collectively, "Defendants") have reached a proposed settlement of the Action for $77,500,000 in total settlement value, with at least $20,000,000 paid in cash and the remainder paid in either additional cash or shares of freely-tradeable Myriad common stock (the "Settlement").  If approved, the Settlement will resolve all claims in the Action.

A hearing will be held on **[_____], 2023, at [__:__] [_].m.**, before the Honorable Jill N. Parrish, either in person at the United States District Court for the District of Utah, Orrin G. Hatch U.S. Courthouse, Courtroom 8.200, 351 South West Temple Street, Salt Lake City, UT 84101, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated August 3, 2023 (the "Stipulation") is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice against Defendants and granting the Releases specified and described in the Stipulation (and in the Settlement Notice); (c) to determine whether the terms and conditions of the issuance of the Settlement Shares, which shares are to be issued pursuant to the exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, are fair to all persons and entities to whom the shares will be issued; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and

---

[1] Certain persons and entities are excluded from the Class by definition and others are excluded pursuant to request.  The full definition of the Class including a complete description of who is excluded from the Class is set forth in the full Settlement Notice referred to below.

reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Class, your rights will be affected by the Settlement, and you may be entitled to share in the Net Settlement Fund**. If you have not yet received the full printed Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice") and the Proof of Claim and Release Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator by mail at Myriad Genetics Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217; by telephone at 877-331-0728; or by email at info@MyriadGeneticsSecuritiesLitigation.com. Copies of the Settlement Notice and Claim Form can also be downloaded from the website for the Action, www.MyriadGeneticsSecuritiesLitigation.com.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* **(if mailed), or** *submitted online* **through the case website, www.MyriadGeneticsSecuritiesLitigation.com, no later than [_____], 2023**. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses, must be filed with the Court and delivered to Lead Counsel and Representative Defendants' Counsel such that they are *received* **no later than [_____], 2023**, in accordance with the instructions set forth in the Settlement Notice.

**Please do not contact the Court, the Clerk's office, Myriad, any other Defendants in the Action, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed the Claims Administrator or Lead Counsel.**

Requests for the Settlement Notice and Claim Form should be made to:

Myriad Genetics Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 5321

877-331-0728
info@MyriadGeneticsSecuritiesLitigation.com
www.MyriadGeneticsSecuritiesLitigation.com

Inquiries, other than requests for the Settlement Notice and Claim Form, may be made to Lead Counsel:

Abe Alexander
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020

1-800-380-8496
settlements@blbglaw.com

BY ORDER OF THE COURT
United States District Court
District of Utah